## TAX COMM v AMERICAN HUMANE EDUCATIONAL SOCIETY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2128. Decided Sept 25, 1931

Gilbert Bettman, William A. Ford, and Carlton S. Dargusch, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendant in error.

KUNKLE, J.

It is also conceded that the section of the Code was amended for the purpose of exempting bequests to charitable institutions whose activities were carried on in substantial part in the state of Ohio.

Do the expenditures made by the American Humane Education Society in Ohio constitute a substantial part of the activities of that association?

Counsel for plaintiff in error adopt the definition of "substantial" as found in Funk & Wagnalls Standard Dictionary as follows: "Of real worth and importance; of considerable value; valuable."

We are disposed to accept this as a correct definition of what constitutes a substantial part of the society's expenditures.

Bouvier defines substantial damages as "Damages assessed by the verdict of a jury, which are worth having as opposed to nominal damages."

Upon consideration we can not escape the conclusion that the expenditures made in Ohio during the past years by this association constitute a substantial part of its total expenditures and that such expenditures in Ohio are well worth having. The record discloses the nature of the work of this society throughout the various states of the Union. It shows that in the state of Ohio 9,571 Bands of Mercy, into which there were gathered 287,130 children, have been organized and are being conducted; that literature, monthly magazines, etc., are distributed regularly to these various Bands; that paid workers are sent into the state to address these children along the lines of its objects and purposes, that is, to teach these children the principles of justice and kindness toward all life, human and dumb animals; that in addition to the above the society distributes to substantially all the newspapers in Ohio its magazine known as "Our Dumb Animals".

The record further shows that since the hearing in the lower court a number of additional Bands of Mercy have been organized and supplied with lierature; that the Humane Societies throughout Ohio are supplied with literature along the lines for which the Society was organized. The record also discloses that the ratio of the amount spent in Ohio when compared with the total amount spent in the United States is substantially one to forty-eight. We think this constitutes the expenditure of a

substantial portion of the resources of the society in the state of Ohio and falls within the exemption provided in §5334 GC. It will also be noted that the statement of the president of the Society is to the effect that the Society stands ready and willing to expend a larger proportion of its funds in Ohio if at any time the requirements in Ohio should demand or justify such increased expenditures.

We think the reasoning found in the cases reported in the 142 Mass., 142, Eliot Five Cents Sav. Bank vs. Commercial Union Assurance Company; the 183 Mass., p. 126. Minns, Executor, vs. Billings, et al. and other cases cited by counsel support the conclusion herein reached.

The judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.