38079.   VICTORIA CORPORATION *v.* ATLANTA
MERCHANDISE MART, INC., *et al.*

CARLISLE, Judge.  1. As used in Ga. L. 1946, pp. 191, 198 (Code, Ann., § 69-827), the term "substantial interest" as applied to a party entitled to appeal from a decision of the Atlanta-Fulton County Joint Board of Adjustment granting variances from the zoning ordinances of the City of Atlanta means an interest which is of "real worth and importance; of considerable value; valuable." Tax Commission of Ohio *v.* American Humane Education Society, 42 Ohio App. 4 (181 N. E. 557). Such term is synonymous with the word "aggrieved" used as descriptive of those entitled to appeal in similar statutes of other jurisdictions. See *Gilliam* v. *Etheridge,* 67 *Ga. App.* 731 (1) (21 S. E. 2d 556).

2. In order for a person to have a substantial interest in a decision of the Board of Adjustment, he must show that his property will suffer some special damages as a result of the decision of the board complained of, which is not common to other property owners similarly situated. His interest must be more than merely that of a taxpayer of the municipality seeking "to have a strict enforcement of zoning regulations for the benefit of the general welfare of the community or general enhancement of property values." He "may not assume the role of champion of a community to challenge public officers to meet him in courts of justice to defend their official acts."

Blumberg *v.* Hill, 119 N. Y. S. 2d 855, 857. A property owner has no strictly private right in the enforcement of zoning ordinances unless such rights are expressly conferred by statute. Circle Lounge & Grille, Inc. *v.* Board of Appeal of Boston, 324 Mass. 427 (86 N. E. 2d 920).

3. The mere increase in traffic congestion adjacent to one's property as the result of improvements erected on nearby property and the attendant inconvenience resulting therefrom which are damages suffered alike by all property owners similarly situated, does not give to one individual such a substantial interest in the decision of the Board of Adjustment permitting the improvement as to authorize an appeal therefrom. Such increase in traffic congestion and attendant difficulties in finding parking places are matters which address themselves to the police authorities of the municipality rather than to the zoning authorities. Property Owner's Association of Garden City Estates, Inc. *v.* Board of Zoning Appeals, 123 N. Y. S. 2d 716, 718.

4. In the instant case, the appellant's evidence failed to show that it would suffer any peculiar or special injury which would have any substantial effect on the value of its property or that the decision of the Board of Adjustment granting the variances to the Atlanta Merchandise Mart would work some particular injury to its property not common to other property owners similarly situated. Rather, the evidence shows that whatever injury will be suffered by the Victoria Corporation as a result of the decision complained of is a mere inconvenience suffered by all alike who own property, or an interest therein, within a radius of ¼ mile or more from the proposed building. Such an inconvenience is a condition incident to urban living. It is merely the result of normal, urban growth and development. To hold that such an inconvenience would give to any resident or property holder of an urban area the right to override the decisions of boards of zoning appeals any time such property owner or resident disagreed with such decision would be a dangerous precedent to establish. It would result in materially slowing, if not completely stopping, the inevitable and necessary growth of large modern cities. In the absence of a showing of the probability of a substantial injury or damage to the appellant, the judgment of the superior court holding that it did not have such a substantial interest in the matter

as to authorize its appeal from the decision of the Board of Adjustment was proper.

*Judgment affirmed.   Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 29, 1960.

*Heyman, Abram & Young, Robert G. Young,* for plaintiff in error.

*J. C. Savage, Robert G. Young, Calhoun & Calhoun, Foy L. Hood, Robert S. Wiggins,* contra.