32094. BROCK et al. v. HALL COUNTY et al.

PER CURIAM.

This case began with the rezoning of certain property by the Hall County Board of Commissioners from Agricultural-Residential III to Highway Business in order to permit the property to be used as a dirt race track. Plaintiffs sought relief in the superior court, in their own names and on behalf of members of the Chestnut Mountain Community Committee. The superior court found for the commissioners and rezoning applicants, thereby approving the rezoning.

The threshold question in this case is standing. We dealt with parties in *Riverhill Community Assn. v. Cobb County Bd. of Commrs.,* 236 Ga. 856 (226 SE2d 54) (1976), but only with parties-defendant, not with parties-plaintiff

where rezoning has been granted by the governing body.[1]

Citizens who unsuccessfully oppose rezoning in hearings before governing bodies may obtain judicial review of rezoning decisions by suits in equity as there is no statutory review procedure (i.e., no adequate remedy at law). *Riverhill Community Assn.,* supra. This does not mean that all citizens have the required standing.

Although citizens and taxpayers may contest the expenditure of public funds by suit for injunction, see *Aiken v. Armistead,* 186 Ga. 368, 381 (198 SE 237) (1938), it does not automatically follow that citizens and taxpayers have standing to contest rezoning decisions.

Although there is a distinct difference between the zoning authority (city or county governing authority) and a zoning board of adjustment, they are related in that they both deal with aspects of zoning, and we adopt for use in zoning cases the "substantial interest-aggrieved citizen" test prescribed by the General Assembly as the requirement for standing to appeal board of adjustment decisions. See *Victoria Corp. v. Atlanta Merchandise Mart,* 101 Ga. App. 163 (112 SE2d 793) (1960); *Bersch v. Hauck,* 122 Ga. App. 527 (177 SE2d 844) (1970); Code Ann. § 69-827.

Thus the test of standing in rezoning suits is similar to the special damages standing test as to public nuisances. See Code Ann. §§ 72-103, 72-202.

In the case before us the trial court, after hearing, found in its findings of fact and conclusions of law that plaintiffs failed to establish aggrieved party status; i.e., failed to establish standing. The finding of fact that plaintiffs have not proved special damages has not been shown to be clearly erroneous and therefore will not be set aside on appeal. Code Ann. § 81A-152 (a); *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (1) (203 SE2d 860) (1974). Therefore, the finding that plaintiffs lacked standing is affirmed.

*Judgment affirmed. All the Justices concur, except*

---

[1] In *Cross v. Hall Paving Co.,* 238 Ga. 709 (1977), we dealt with the test to be applied in reviewing a zoning change on its merits, not with the question of standing.

*Nichols, C. J., who concurs specially.*

ARGUED MARCH 21, 1977 — DECIDED JUNE 7, 1977.

*Robinson, Harben, Armstrong & Milliken, Sam S. Harben, Jr.,* for appellants.

*Reed & Dunn, Douglas Parks, Robert J. Reed, Greer, Deal, Birch, Orr & Jarrard, Tifton Greer,* for appellees.

NICHOLS, Chief Justice, concurring specially.

While I concur in the results reached in this case, the appellants have not enumerated error on the trial court's finding that they have failed to establish standing as an aggrieved party to recover in this action. Therefore, the appellees would be entitled to prevail on motion for summary judgment, and the judgment of the trial court must be affirmed. *Nalley v. Aiken,* 120 Ga. App. 535 (171 SE2d 377) (1969).