55751. STEPHENS et al. v. TATE.
55752, 55753. MARTIN et al. v. TATE (two cases).

SHULMAN, Judge.
The building inspector for the City of Gainesville issued a single-family residence building permit to appellant-Martin. After construction was in progress, appellee-Tate, who occupied a single-family residence immediately adjacent to Martin's lot, appealed to the Board of Zoning Appeals of the City of Gainesville. The board found in favor of Martin.

Tate appealed this determination to the superior court. In an order granting summary judgment in favor of Tate, the superior court reversed the decision of the Board of Zoning Appeals, declared the building permit null and void, and further held that Martin's lot was not of

---

[1]The question of the propriety of that dismissal is not now before us.

buildable status. The building inspector of the City of Gainesville, the Board of Zoning Appeals of the City of Gainesville, the City of Gainesville, and Martin appeal from the judgment of the superior court.

1. Appellants assert that Tate failed to carry his burden on summary judgment of establishing the requisite standing to bring the appeal, i.e., special damages and aggrieved party status.

A. In paragraph 12 of his complaint, Tate alleged that he was "an aggrieved party." In his answer, appellant-Martin admitted this allegation. It is submitted that this unwithdrawn admission constitutes a binding admission in judicio which supports the grant of summary judgment as to this issue. See, e.g., *Nations v. Lassiter,* 94 Ga. App. 504 (95 SE2d 25). We disagree.

Appellee concedes that the issue of standing was hotly contested in the superior court. The order granting summary judgment shows that the issue was considered and determined on its merits by the trial court. "Therefore, we do not consider the [answer] to be an admission in judicio that barred the applicant from showing to the contrary." *Summerlot v. Crain-Daly Volkswagen,* 238 Ga. 546, 547 (233 SE2d 749). See also *Space Leasing Assoc. v. Atlantic Building Systems,* 144 Ga. App. 320 (4) (241 SE2d 438).

B. " 'Code Ann. § 69-1211.1 provides that persons aggrieved by any decision of a board of zoning appeals may appeal to the superior court, which appeal shall be the same as an appeal from any decision made by the court of ordinary (Ch. 6-2). Such an appeal constitutes a de novo investigation. . .' *Evans v. Board of Zoning Appeals,* 113 Ga. App. 113 (147 SE2d 455). . . 'In order for a person to have a substantial interest in a decision of the Board of Adjustment [so as to be an "aggrieved" person who may appeal under Code Ann. § 69-1211.1] he must show that his property will suffer some special damages as a result of the decision of the board complained of, which is not common to other property owners similarly situated.' [Id.] P. 116. The term substantial interest is synonymous with 'aggrieved,' (*Victoria Corp. v. Atlanta Merchandise Mart, Inc.,* 101 Ga. App. 163 (112 SE2d 793))." *Royal Atlanta Dev. Corp. v. Staffieri,* 135 Ga. App. 528 (2) (218 SE2d 250)

revd. on other grounds 236 Ga. 143 (223 SE2d 128).

Appellee's claim that he is an aggrieved person is grounded on evidence of diminution in resale value and loss of privacy by the mere fact that the Martin house is being constructed. Contrary to appellee's contentions, these damages do not, as a matter of law, confer aggrieved party status on appellee. See *Donnelly v. Kuntz,* 132 Ga. App. 223 (207 SE2d 616); see also *Brock v. Hall County,* 239 Ga. 160 (236 SE2d 90) holding that the "substantial interest-aggrieved citizen" test prescribed as the requirement for standing to appeal is "similar to the special damages standing test as to public nuisances. See Code Ann. §§ 72-103, 72-202." *Brock,* supra, p. 161.

Appellee urges that a finding of aggrieved party status was demanded because of uncontradicted evidence that in the actual construction of the house, Martin built a basement bath without obtaining the building inspector's approval, that this construction was in violation of the building code and would not have been approved, and that this would pollute a common cove which the Martin and Tate lots fronted.

Unfortunately for appellee, this matter is not relevant to the argument that a building permit should not have issued in the first instance (i.e., whether the lot was of buildable status) though it may be relevant to the issue of whether a final inspection permit should issue. These asserted violations of the building code occurring in the actual construction of the Martin house are not sufficient to confer as a matter of law aggrieved party status to challenge the Board of Zoning Appeals' decision that the Martin lot was buildable.

We conclude therefore, that appellee's motion for summary judgment was not supported on this material point by a sufficient showing from which it can be properly determined that there exists no genuine issue. In so saying, we by no means indicate that it may not be supported or provable at trial.

Because the trial court erred in holding that appellee was an aggrieved party as a matter of law, the summary judgment in favor of appellee must be reversed. We need not consider other reasons advanced by appellants for the reversal of the summary judgment.

2. Appellants-city, zoning board, and inspector, and appellant-Martin enumerate as error the denial of their respective motions to dismiss for failure to state a claim and motion for summary judgment. The arguments of these parties advanced for summary adjudication in their favor are substantially similar and will be considered together.

A. Appellants assert that summary judgment in their favor was demanded because appellee-Tate was not an aggrieved party as a matter of law.

Appellants' motions for summary adjudication did not present this theory. The failure to have done so precludes them from raising the issue now. See *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200 (2) (243 SE2d 565). "Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal." *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357). Our conclusion that appellee-movant for summary judgment failed to carry the burden of showing that necessary standing was present as a matter of law (Division 1) does not support appellants' contentions that as a matter of law necessary standing was lacking.

B. Appellants argue that summary adjudication in their favor was demanded because the lot now owned by appellant-Martin constitutes a lot of record and is therefore exempt from all zoning regulations governing lot size which might render the lot unsuitable for building. We do not agree.

Section 26-36 of the Zoning Ordinance of the City of Gainesville, Georgia, adopted 1956, as amended, contains a lot of record exception which provides that: "Where the owner of a lot at the time of the adoption of these regulations or his successor in title thereto does not own sufficient land to enable him to meet the minimum lot size requirements of this chapter such lot may be used as a building site for a single-family residence."

Appellants do not contend, nor is there evidence, that this lot was platted or in existence "at the time of the adoption of [the] regulations." The evidence submitted on summary judgment is legally insufficient to establish that the lot involved herein was entitled to a lot of record

exemption. Compare *Hill v. Busbia,* 217 Ga. 781 (125 SE2d 34).

We reject appellants' contention that the 1964 Zoning Ordinance of the City of Gainesville, Georgia, containing an exception for lots of record prior to the 1964 ordinance, conferred lot of record exemption status on the Martin lot and excused the lot from compliance with all zoning requirements. The exception therein merely excuses lots of record existing prior to 1964 from the operation of the 1964 ordinance.

An examination of the evidence as to lot size shows a sharp conflict regarding the area of the Martin lot. See, e.g., *Milikin v. Smith,* 240 Ga. 803 (242 SE2d 587). The trial court correctly rejected appellants' argument that judgment in their favor was demanded as a matter of law, regardless of lot size, because of the lot of record exception.

C. Appellants submit that the court erred in denying summary judgment in their favor on the issue of laches.

In transferring these cases to the Court of Appeals, the Supreme Court held that the lower court did not consider the equitable features of the cases. We must dispose of these cases as if equitable issues had never been raised. Therefore, consideration of appellants' contentions is precluded. *Armstrong v. Lawyers Title Ins., Corp.,* 138 Ga. App. 727 (1) (227 SE2d 409). See generally, *Hobgood v. Black,* 144 Ga. App. 448, 450 (241 SE2d 60).

3. Because the grants of summary judgment in favor of appellee-Tate must be reversed, and because summary judgments in favor of appellants are not demanded for any of the reasons assigned, these cases must be remanded for further consideration. Enumerations concerning the trial court's findings of fact and conclusions of law not addressed herein more properly await another day.

*Judgments reversed in part; affirmed in part. Bell, C. J., and Birdsong, J., concur.*

ARGUED APRIL 11, 1978 — DECIDED SEPTEMBER 5, 1978 — REHEARINGS DENIED OCTOBER 5, 1978 — ■

*Smith, Smith & Frost, J. Randall Frost, John H.*

*Smith,* for appellants. (Case No. 55751).

*William H. Blalock, Jr.,* for appellants (Case Nos. 55752, 55753).

*Douglas Parks, Telford, Stewart & Stephens, William H. Blalock, Jr.,* for appellee (Case No. 55751).

*J. Randall Frost, John H. Smith, Douglas Parks,* for appellee (Case Nos. 55752, 55753).