38483. LINDSEY CREEK AREA CIVIC ASSOCIATION et al. v. CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA et al.

HILL, Presiding Justice.

The Lindsey Creek Civic Association, comprised of the residents

of the Lindsey Creek, Boxwood, and Carriage Estates subdivisions, and individual residents therein ("the neighbors"), sought declaratory and injunctive relief against the Consolidated Government of Columbus, Georgia, its members and agents, from the rezoning of 42 acres of a 64 acre tract, previously zoned residential, to commercial and apartment/office zoning.

Formerly a 64 acre estate, the 42 acre tract is located adjacent to already existing shopping malls but is in the vicinity of the subdivisions comprising the Lindsey Creek Civic Association. Intervenor, the W. C. Bradley Company, sought to develop the 42 acre tract by adding an additional shopping mall, which required C3 commercial zoning, and a psychiatric hospital, which could be placed in an AO, apartment/office, zone. The W. C. Bradley Company's success in accomplishing this rezoning prompted the neighbors' suit for declaratory and injunctive relief.[1]

The tract in question is an island of undeveloped property near the downtown Columbus business district, and is bordered on its longest side by the Lindsey Creek bypass, a limited access highway, with commercial property on the far side. One-quarter of the perimeter of the rezoned 42 acres is bordered by commercial shopping centers, hotels, restaurants and car dealerships, which front Midtown Drive, a busy thoroughfare. The remainder of the property which has been rezoned faces an apartment complex across Boxwood Boulevard, while the 22 acre portion of the tract which remains residential abuts single family residences belonging to the neighbors and some as yet undeveloped lots. The part of the land rezoned commercial is that furthest away from the neighbors' property, while the proposed hospital facility rezoned AO is located between the commercial and unchanged residential portion of the tract nearest the neighbors.

The neighbors claim that as a result of the rezoning they will be specially subjected to increased traffic, flood danger, reduced home values, and general nuisance. They allege that the rezoning was illegal, unconstitutional and void under the charter and that as a result the ordinance allowing the change should be declared void.

The trial court denied relief on the grounds that the neighbors suffered no special damage and therefore lacked standing, that the procedures used by the council were valid and in accord with the charter, that the action taken by the council was reasonable and not

---

[1] The successful rezoning applicant should have been named a party defendant. *Riverhill Community Assn. v. Cobb County,* 236 Ga. 856, 858 (226 SE2d 54) (1976).

arbitrary and that the neighbors' petition was not timely filed under *Village Centers v. DeKalb County,* 248 Ga. 177 (281 SE2d 522) (1981).[2] The neighbors appeal, raising several interesting enumerations of error regarding municipal procedure. Cf. *Newsome v. City of Union Point,* 249 Ga. 434 (291 SE2d 712) (1982). We decide this appeal on that enumeration having state-wide application.

The trial court found as a matter of fact and conclusion of law that the neighbors had not shown the special damages necessary to give them standing as aggrieved citizens to contest the rezoning by the council. On appeal, the neighbors have the burden of showing that this ruling is clearly erroneous. *Brock v. Hall County,* 239 Ga. 160, 161 (236 SE2d 90) (1977).

It is important to keep in mind that the governing authority has approved the zoning change, thereby giving its permission to the landowner to use the property as the landowner desires. It is also important to keep in mind that we deal now with the right or power of neighbors to deny to the landowner the right to use the property as the landowner desires and as approved by the governing authority. Moreover, we deal here with the standing of neighbors to enjoin rezoning granted a property owner,[3] not the standing of neighbors to be heard by a governing authority when considering a proposed zoning change.

Civic associations and subdivision clubs do not have standing to enjoin rezoning unless they own property affected by the rezoning, or unless they are joined by individual plaintiffs who have standing to do so.[4] Individual property owners may or may not have standing to enjoin rezoning depending upon the effect of such rezoning on the owners and their property. There being individual property owners appearing here as plaintiffs, we proceed to determine the standing question as to them.

Because we deal here with the right or power of neighbors to undertake to control the use of nearby land owned by another,

---

[2] The defense based upon *Village Centers v. DeKalb County,* supra, was raised by amendment after the hearing in the trial court and before entry of the trial court's order. The neighbors contend that this defense was not timely raised.

[3] We deem it inappropriate to adopt different rules as to standing depending upon whether the plaintiffs seek declaratory or injunctive relief.

[4] Normally the standing of one party is not dependent upon the standing of another party. Nevertheless, in zoning cases we find this "dependent standing" preferable to (a) detailed inquiry as to the membership of the civic association to determine its independent standing, or (b) requiring those individual property owners who have standing to bear the entire burden of opposing the rezoning. See 3 Rathkopf, The Law of Zoning and Planning, § 43.05.

diminution in the values of the neighbors' property (i.e., damages), unlike the usual property damage case, is not in and of itself cause to set aside the rezoning. Thus we held in *Cross v. Hall County,* 238 Ga. 709, 711 (235 SE2d 379) (1977), that "When neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors." (Citations omitted.)[5] Thus, although diminution in the values of the neighbors' property (damages) is not considered when the merits are reached, it is considered on the issue of standing. "Allegations of damage to person or property sufficient to confer standing, or even proof sufficient to sustain the allegations when put in issue, do not in themselves determine the merits of the controversy and may even be irrelevant thereto. However, they are necessary in order to qualify the claimant as one entitled to present the controversy to the court for adjudication." 3 Rathkopf, The Law of Zoning and Planning, § 43.01.

In *Brock v. Hall County,* supra, we adopted for use in zoning cases the "substantial interest-aggrieved citizen" test prescribed by the General Assembly as the requirement for standing to appeal board of adjustment decisions.[6]

Regarding the neighbors' complaint that the rezoning will increase traffic, in *Victoria Corp. v. Atlanta Merchandise Mart,* 101 Ga. App. 163 (3)(4) (112 SE2d 793) (1960), the court held that "The mere increase in traffic congestion adjacent to one's property as the result of improvements erected on nearby property and the attendant inconvenience resulting therefrom which are damages suffered alike by all property owners similarly situated, does not give to one individual such a substantial interest in the decision of the Board of Adjustment permitting the improvement as to authorize an appeal therefrom.... Such an inconvenience is a condition incident to urban living. It is merely the result of normal, urban growth and development. To hold that such an inconvenience would give to any resident or property holder of an urban area the right to override the decisions of boards of zoning appeals any time such property owner or

---

[5] The neighbors' reliance on *Cross v. Hall County,* supra, is misplaced. The neighbors in that case had standing and that case "dealt with the test to be applied in reviewing a zoning change on its merits, not with the question of standing." *Brock v. Hall County,* supra, 239 Ga. at 161, n. 1.

[6] In *Brock v. Hall County,* supra, we noted that the test of standing in rezoning suits is similar to the special damages standing test as to public nuisances (239 Ga. at 161). See Skaggs-Albertson's v. ABC Liquors, Inc., 363 S2d 1082, 1088 (Fla. 1978); 3 Rathkopf, The Law of Zoning and Planning, § 43.03[1].

resident disagreed with such decision would be a dangerous precedent to establish. It would result in materially slowing, if not completely stopping, the inevitable and necessary growth of large modern cities."

The neighbors complain of the danger of flooding created by the proposed development of the rezoned property. The ordinance rezoning the property includes conditions that water drainage be handled adequately to reduce or maintain the same flow that is currently shed from the now undeveloped land. These conditions are enforceable when permits are issued. See *Thurman's Auto Parts &c. Inc. v. Cobb County,* 248 Ga. 826 (3) (286 SE2d 707) (1982).

Although the neighbors testified that in their opinions the value of their homes would be reduced by the increased traffic and the proximity of the proposed psychiatric hospital, evidence of a general reduction in property values is not the substantial interest required to meet the aggrieved citizen test for standing. The same is true of their claims of nuisance. In *Tate v. Stephens,* 245 Ga. 519, 520 (265 SE2d 811) (1980), we equated standing to appeal a decision of a board of zoning appeals (Code Ann. § 69-1211.1) with standing to appeal a decision of a board of adjustment (Code Ann. § 69-827). In *Tate* we noted that "It is well settled that in order to attain 'aggrieved' status under the statute, a person must demonstrate that his property will suffer special damage as a result of the decision complained of rather than merely some damage which is common to all property owners similarly situated." (Citations omitted.) We noted further that this "is similar to the special damages standing test which is the threshold requirement to bring a suit for public nuisance." See Code §§ 72-103, 72-202.

The neighbors have not shown on appeal that the trial court's holding that they lack standing is clearly erroneous. *Brock v. Hall County,* supra, 239 Ga. at 161.

The foregoing determination obviates the necessity to reach the neighbors' remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1982.

*Elkins & Flournoy, James A. Elkins, Jr.,* for appellants.
*Eugene Hardwick Polleys, Jr., Ronald W. Self,* for appellees.