40030. DUNAWAY v. CITY OF MARIETTA.

CLARKE, Justice.

This is a zoning case in which we examine the issue of standing to attack the merits of a rezoning and the procedures used, and the issue

of possible conflict of interest. We find that Dunaway lacks standing to attack the merits and procedures, but we also find the possible conflict of interest presents an issue of fact as to fraud and corruption. On this issue Dunaway has standing.

Appellee City of Marietta granted a rezoning application filed by appellee Georgia Associated Services, Inc. The property was rezoned from office-institutional to general commercial, restricted to use as a drug store. Appellants Dunaway and Dunaway Drug Stores, Inc. (Dunaway) own a nearby tract used for a drug store since 1958. Georgia Associated Services conveyed the property to appellee Eckerd Drugs of Georgia after the rezoning.

Dunaway filed suit to set aside the rezoning and to enjoin its implementation. The complaint was cast in several counts. The trial court found that the complaint did not state sufficient facts to confer upon Dunaway standing to challenge the power of the city to rezone the property or the procedures used. The trial court further granted summary judgment to appellees on Dunaway's claim that the rezoning resulted from fraud and corruption due to a manifest conflict of interest by a city official. Dunaway appeals from these two orders.

The conflict of interest complained of is that of the chairman of the city planning commission, who was also a vice president of General Associated Services. This official presided over the first hearing before the planning commission, although he disqualified himself from voting. He removed himself from the chair on the second hearing before that body. Dunaway charges that this official also contacted city council members and lobbied them to rezone the property.

1. Dunaway appeals from the dismissal of the portion of the complaint dealing with the city's power to rezone and the procedures used. In *Brock v. Hall County,* 239 Ga. 160 (236 SE2d 90) (1977), we held that "[T]he test of standing in rezoning suits is similar to the special damages standing tests as to public nuisances." Id. at 161. In that case, we adopted the "substantial interest — aggrieved citizen" test set forth in former Code Ann. § 69-827 for standing to appeal from decisions of boards of adjustment.

Dunaway's claim of special damages in the form of traffic congestion is not sufficient to confer upon Dunaway the status of the substantial interest — aggrieved citizen. "The mere increase in traffic congestion adjacent to one's property as the result of improvements erected on nearby property and the attendant inconvenience resulting therefrom which are damages suffered alike by all property owners similarly situated, does not give to one individual such a substantial interest in the decision . . . permitting

the improvement as to authorize an appeal therefrom." *Victoria Corp. v. Atlanta Merchandise Mart,* 101 Ga. App. 163, 164 (112 SE2d 793) (1960). Therefore, the trial court properly dismissed the portions of the complaint dealing with the procedure used in rezoning the property and the merits of the rezoning.

2. The trial court found that Dunaway has standing to attack the rezoning decision as a product of fraud and corruption and an arbitrary and capricious action on the part of the city. In *Cross v. Hall County,* 238 Ga. 709 (235 SE2d 379) (1977), we found that "[w]hen neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors." Id. at 711. The trial court found that the action of the city council in approving the rezoning application was a valid exercise of conditional zoning rather than an example of invalid and arbitrary spot zoning. The court found that the conditions were placed to ameliorate the effect of the rezoning upon the neighbors. *Cross v. Hall County,* supra. Further, the trial court found that the rezoning did not constitute spot zoning as defined by Dunaway because it was consistent with the use of neighboring property, including that of Dunaway, at the time of the application.

3. The conduct of the chairman of the planning commission, who was also a vice president of the applicant corporation, is the basis of the allegation of fraud and corruption. The trial court granted summary judgment to the appellees, finding that any financial interest which the chairman had in the outcome of the decision was too remote and speculative as to affect the validity of the zoning. The court further found that under all the circumstances the evidence was insufficient to raise a question of fraud and corruption. We cannot agree. Although the court found the chairman's relationship to the applicant was disclosed to the council members with whom he spoke, and although the chairman never voted on the application when it was before the planning commission, the fact that he chaired the first planning commission hearing on the application raises a factual issue of whether that conduct tainted both that hearing and the subsequent hearing on the amended application. We therefore reverse the trial court's grant of summary judgment on this issue alone and remand the case for trial.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Decided November 8, 1983 —
Rehearing denied December 5, 1983.

*Awtrey & Parker, A. Sidney Parker, Toby B. Prodgers,* for appellant.

*Downey, Cleveland, Moore & Parker, Joseph C. Parker, Paul H. Anderson, Sr., John T. Brumby, Sutherland, Asbill & Brennan, John A. Chandler,* for appellee.