40681. BRAND v. WILSON et al.

WELTNER, Justice.

The owners of property adjoining land rezoned by the county commissioner of Cherokee County filed a complaint to set aside a rezoning classification. The complaint was met by a motion to dismiss for want of standing, which was denied. Thereafter, the trial court granted the relief sought, and remanded the case to the zoning authority.

1. This case presents, once again, the troublesome issue of the standing of neighbors to contest the action of zoning authorities. Our more recent cases relating to this issue are *Wyman v. Popham,* 252 Ga. 247 (312 SE2d 795) (1984) and *Lindsey Creek Civic Assn. v. Consolidated Govt. of Columbus,* 249 Ga. 488 (292 SE2d 61) (1982). These cases, in turn, rely upon one or both of two earlier opinions, *Cross v. Hall County,* 238 Ga. 709 (235 SE2d 379) (1977), and *Brock v. Hall County,* 239 Ga. 160 (236 SE2d 90) (1977).

In *Brock v. Hall County,* we held:

"Although there is a distinct difference between the zoning authority (city or county governing authority) and a zoning board of adjustment, they are related in that they both deal with aspects of zoning, and we adopt for use in zoning cases the 'substantial interest-aggrieved citizen' test prescribed by the General Assembly as the requirement for standing to appeal board of adjustment decisions. See [citations omitted] Code Ann. § 69-827.

"Thus the test of standing in rezoning suits is similar to the special damages standing test as to public nuisances. See Code Ann. §§ 72-103, 72-202."

It is of interest that the statutory authority relied upon in the first paragraph, supra, Code Ann. § 69-827, is nowhere brought

forward into the Official Code of Georgia Annotated. See *Warshaw v. City of Atlanta,* 250 Ga. 535, 537 (299 SE2d 552) (1983). The two statutes cited in the second paragraph, however, appear as OCGA §§ 41-1-3 and 41-2-2 (Code Ann. §§ 72-103 and 72-202).

Of necessity, a line must always be drawn in cases such as this, inasmuch as any change in character of any property has always *some* effect, perhaps undesired, upon *some* persons, whether living next-door or at substantial remove. Although Code Ann. § 69-827 is no longer a part of the law of Georgia, its extension, by analogy, to zoning contests is not affected by its demise. Thus, *Brock v. Hall County* stands for the proposition that the *first* requirement for standing is that a person claiming to be aggrieved have a "substantial interest" in the zoning decision.

The other two code sections adapted in *Brock,* supra, specify as a requisite to a right of action some "special damage to an individual" (OCGA § 41-1-3 (Code Ann. § 72-103)) and that the individual be "specially injured." OCGA § 41-2-2 (Code Ann. § 72-202).

See also *Tate v. Stephens,* 245 Ga. 519, 520 (265 SE2d 811) (1980), as follows: "It is well settled that in order to attain 'aggrieved' status under the statute, a person must demonstrate that his property will suffer special damage as a result of the decision complained of rather than merely some damage which is common to all property owners similarly situated."

We see no reason to alter the gauge for standing as set out in *Brock v. Hall County,* which is simply this: that a citizen must have a substantial interest, which must suffer substantial damage by reason of the contested zoning change.

In this case the trial court heard testimony from an expert appraiser that the property of one of the complainants, which adjoined to tract in question, would suffer a reduction in value of between 15 and 20 percent by reason of the rezoning. This is sufficient evidence upon which a trial court might find substantial damage to a substantial interest.

2. In *Cross v. Hall County,* supra, we held as follows:

"Neighbors of rezoned property cannot invalidate the rezoning by showing that the preponderance of the evidence was against the zoning change. When neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors [citations omitted]. Having failed to show any constitutional right of theirs being abridged by the zoning change, having failed to show fraud, corruption or manifest abuse of the zoning power, the plaintiffs have not shown error by the trial court in approving the rezoning." 238 Ga. at 711, 712.

That standard was specifically reaffirmed in *Wyman v. Popham,* supra.

The trial court found against the existence of fraud or corruption, but determined that there had been a manifest abuse of the rezoning power to the oppression of the neighbors because the applicant for rezoning had failed to file a site plan, as required by the zoning ordinance — the effect of which was that the zoning authority did not and could not know the use to which the property would be put upon rezoning, and therefore could not have weighed the possible adverse effects of rezoning upon adjacent landowners.

*Cross v. Hall County,* supra, involved a challenge to the rezoning "on its merits." This case involves a procedural defect. Therefore, we need not reach the question of whether there has been a manifest abuse of the rezoning power to the oppression of the neighbors. The trial court found a noncompliance with the procedural requirement of the zoning ordinance that a plat be submitted by the property owner seeking rezoning, and that the purpose of the requirement for submission of the plat was to give surrounding property owners notice of the use to which the property would be put if rezoned. We repeatedly have required strict compliance with the notice requirements of zoning ordinances. *South Jonesboro Civic Assn. v. Thornton,* 248 Ga. 65, 67 (281 SE2d 507) (1981), and cases there cited.

The trial court did not err in remanding the case to the zoning authority to be decided in accordance with applicable requirements of law.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 4, 1984.

*Awtrey & Parker, L. M. Awtrey, Jr., Toby B. Prodgers,* for appellant.

*Bray & Johnson, Roger M. Johnson, N. Jackson Harris, Elliott R. Baker,* for appellees.