### 40620. CITY OF MARIETTA et al. v. TRATON CORPORATION et al.
(316 SE2d 461)

CLARKE, Justice.

This appeal involves a suit filed by neighboring landowners against appellants Defoor Properties, Inc. and the Marietta City Council challenging the rezoning of a tract of land owned by Defoor. The trial court ruled in favor of the neighbors on the grounds that the decision to rezone was arbitrary and that the actions of the City Council constituted illegal contract zoning. We reverse.

When Defoor purchased the property in 1981 it was located in unincorporated Cobb County and zoned for single family residential use under the Marietta-Cobb land use plan. Defoor's plans were to develop the tract for commercial and multi-family uses. Defoor and the city met informally to discuss annexation which was applied for and approved.

Defoor then filed an application to rezone the tract for general commercial purposes. This proposal was denied by the city council in December of 1981 in a 6-1 vote. Defoor filed suit against the city alleging unconstitutional deprivation of use of the property and alleging

that Defoor was induced into annexation by acts of the city regarding rezoning.

In January of 1982 the composition of the city council changed resulting in three new members. Defoor initiated settlement discussions with the city. In May of 1982 Defoor proposed to the city an offer to settle the litigation. A tentative compromise was reached which lowered the density of the proposed apartments and townhomes, specified office and institutional uses and provided buffer areas.

This compromise was placed on the agenda of a regularly scheduled city council meeting on May 12. There was no formal notice to the public that action affecting the rezoning of the tract would be addressed. The council voted 4-3 that the city attorney would enter into a consent order which conformed to Defoor's offer of settlement.

Subsequently, the city attorney advised that to effectuate a valid rezoning of the property it would be necessary to file a rezoning application and follow the procedures of the zoning ordinance. Consequently, no consent order was drawn and no settlement formally approved.

On July 26, 1982, the city manager filed an application to rezone the Defoor property. This rezoning application was subsequently approved by the council on September 15, 1982, by a 4-3 vote. Traton Corporation and other neighboring landowners then filed this action which resulted in the trial court's order setting aside the rezoning.

1. Appellants had moved in the trial court for dismissal of the plaintiffs' count challenging the merits of the rezoning decision as arbitrary. It is contended that dismissal was demanded because no standing to challenge the merits was shown.

Plaintiff-appellee Traton is developing a subdivision of exclusive single family homes adjacent to the Defoor tract. After an evidentiary hearing the court found that Traton's development would be substantially damaged by the rezoning and that the drop in marketability is a threat to the financial stability of Traton.

In order to challenge on the merits a decision of a governing authority to rezone, plaintiffs must show special damages under the substantial interest-aggrieved citizen test. *Dunaway v. City of Marietta*, 251 Ga. 727 (308 SE2d 823) (1983); *Brock v. Hall County*, 239 Ga. 160 (236 SE2d 90) (1977). Appellants argue that standing here is controlled by *Lindsey Creek Area v. Consolidated Govt.*, 249 Ga. 488 (292 SE2d 61) (1982), in which we stated "evidence of a general reduction in property values is not the substantial interest required to meet the aggrieved citizen test for standing." 249 Ga. at 492. However, this is not the usual case of general reduction in value. The trial court found special and substantial damages to Traton's 27-acre development. See *Brand v. Wilson*, 252 Ga. 416 (314 SE2d 192) (1984).

The determination of the trial court on these issues will not be disturbed unless clearly erroneous. *Brock*; *Lindsey Creek Area*, supra.

2. Even though there may be standing, we agree with the appellants' contention that the trial court erred in finding the decision to rezone was arbitrary and capricious. On appeal the issue is whether there was any evidence to support the zoning decision not whether there was any evidence to support the trial court's decision. *DeKalb County v. Graham*, 251 Ga. 423 (306 SE2d 270) (1983). A rezoning will not be invalidated on the ground that the evidence preponderated against rezoning. *Cross v. Hall County*, 238 Ga. 709 (235 SE2d 379) (1977). Although the appellees presented evidence of increased traffic, change in the character of the neighborhood, and point out that the future land use plans recommend continued residential zoning, such evidence is insufficient to show the rezoning should be set aside. *Brock*, supra.

3. The trial court held that the rezoning decision resulted from illegal contract zoning rather than an exercise of legislative authority and was therefor void.

The court ruled that the action of the council on May 12, voting to accept the offer of compromise amounted to rezoning by contract which is illegal. The judge then concluded that this action infected the later vote on the rezoning application on September 12, 1982. There was no finding that votes cast on September 12 were the result of the May 12 vote. In fact, each member, both proponents and those in opposition to the project, testified that he or she did not feel bound by the action taken at the May 12 meeting and that the vote cast on September 15 was an independent vote.

It is unnecessary in this appeal to decide whether an agreement and compromise in settlement of a lawsuit against the city amounts to contract zoning which is not authorized by law. In this case the September 15 vote was taken after a rezoning application was filed, notice given and procedures of the zoning ordinance complied with. There was evidence that one council member was influenced by the prior discussions on the annexation issue in 1981, however, there was no evidence of a "deal" or a contract regarding annexation in 1981 or at the September 15 rezoning. Instead, the evidence is that each member exercised his or her independent vote.

We hold that the actions taken here do not amount to fraud, corruption, or an abuse of the zoning power. See *Cross v. Hall County*, supra, *Dunaway v. City of Marietta*, supra, and *Wyman v. Popham*, 252 Ga. 247 (312 SE2d 795) (1984). There was no basis for setting aside the rezoning.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 12, 1984.

Troutman, Sanders, Lockerman & Ashmore, Norman L. Underwood, Crowe & Manheim, Arthur L. Crowe, Jr., Downey, Cleveland, Moore & Parker, Lynn A. Downey, Herbert D. Shellhouse, for appellants.

Alston & Bird, G. Conley Ingram, Peter M. Degnan, for appellees.