45994. COLUMBUS, GEORGIA et al. v. DIAZ-VERSON et al.
45995. CHASTAIN v. DIAZ-VERSON et al.
(373 SE2d 208)

MARSHALL, Chief Justice.

Dorothea Chastain obtained a zoning change from the government of Columbus, Georgia, in order to build apartments on her property. The three appellees, alleged neighboring landowners, brought an action to enjoin the development of the property, including the issuance of a building permit, and to declare the city's "midnight-hour" amendment of its ordinance to have been unconstitutional. On February 12, 1988, this Court remanded the appeals from the trial court's grant of interlocutory injunction to the trial court for entry of findings of fact and conclusions of law. (Case Nos. 44772, 44858) Such entry was made, the injunction was again granted, and the city and Ms. Chastain again appeal, separately.

## I. *The City's Appeal*

1. The city argues that its motion to dismiss should have been granted on the ground that the plaintiffs'-appellees' constitutional attack on the zoning classification was not timely made before the city council, but was initially raised in superior court, citing *DeKalb County v. Post Properties*, 245 Ga. 214 (1) (263 SE2d 905) (1980). The appellees argue that they are not attacking the constitutionality of the amendment itself, but only its method of enactment, hence that their contended error was timely raised in superior court. It is unnecessary to decide this issue, however, as we reverse the grant of the interlocutory injunction for reasons which follow.

2. The ordinance in question was amended according to the procedure set out in the applicable city ordinances. The city council approved the rezoning of the property subject to Ms. Chastain's developing the property in conformity with the extensive restrictions contained in the plot plan which was attached to the rezoning petition. No one objected to this more extensive, restrictive amendment.

It is important to keep in mind that the governing authority has approved the zoning change, thereby giving its permission to the landowner to use the property as the landowner desires. It is also important to keep in mind that we deal now with the right or power of neighbors to deny to the landowner the right to use the property as the landowner desires and as approved by the governing authority. Moreover, we deal here with the standing of neighbors to enjoin rezoning granted a property owner, not the standing of neighbors to be heard by a governing authority when considering a proposed zoning change.

*Lindsey Creek Area Civic Assn. v. Consolidated Govt.*, 249 Ga. 488, 490 (292 SE2d 61) (1982).

> In *Brock v. Hall County*, [239 Ga. 160 (236 SE2d 90) (1977)], we adopted for use in zoning cases the 'substantial interest-aggrieved citizen' test prescribed by the General Assembly as the requirement for standing to appeal board of adjustment decisions.

*Lindsey Creek*, supra at 491.

The appellees did not allege or demonstrate that their property would suffer any unique or special damage. There was no allegation that the rezoning would result in a diminution in the value of their property (which is not, in and of itself, cause to set aside the rezoning. *Lindsey Creek*, supra at 491, citing *Cross v. Hall County*, 238 Ga. 709, 711 (235 SE2d 379) (1977)). They allege that the rezoning would increase the risk of flood damage to their property and to Flat Rock Park, and otherwise create a nuisance. In *Lindsey Creek*, supra at 492, we dealt with a similar allegation as follows:

> The ordinance rezoning the property includes conditions that water drainage be handled adequately to reduce or maintain the same flow that is currently shed from the now undeveloped land. These conditions are enforceable when permits are issued. [Cit.]

> [I]t is only where it is made to appear with reasonable certainty that an instrumentality in the course of construction will necessarily constitute a nuisance that a court of equity will exercise the power to restrain. [Cits.]

*Elder v. City of Winder*, 201 Ga. 511 (1) (40 SE2d 659) (1946).

Mere allegations of speculative or contingent injuries, with nothing to show that they will in fact happen, do not require an injunction. *Rounsaville v. Kohlheim*, 68 Ga. 668 (a) (45 AR 505) (1882).

Thus, the record shows that the appellees have adequate remedies at law through these ordinances for any future damages.

Under *Cross v. Hall County*, supra at 711, the appellees had the burden of showing fraud, corruption, or manifest abuse of the zoning power to their oppression, which elements they failed to adequately allege or prove. Since they lacked standing to challenge the rezoning under the facts in the record, the issue of the alleged unconstitutional enactment of the amendment of the ordinance is moot as to them.

## II. *Ms. Chastain's Appeal*

3. In view of our holding in Div. 2, supra, that the injunction was improperly granted, it is unnecessary to reach the issue of whether appellant Chastain had adequate notice under OCGA § 9-11-65 (a) (1) before the injunction was issued.

4. This appellant enumerates as error the trial court's denial of her motion for a bond pursuant to OCGA § 9-11-65 (c). Her unobjected-to and uncontradicted affidavit showed that she was losing $122,400 per month as a result of the delay caused by the interlocutory injunction. The trial court's denial of the bond was based on a holding that the affidavit was untimely filed. However, the statute does not set forth any time limitation for the affidavit, and the appellant has alleged that she was not served with the appellees' complaint until after the appellant city filed its first appeal. In view of our holding that the injunction was improperly granted, and considering the showing of justification for the delay of filing the affidavit in support of the motion for bond, we remand the case to the trial court for a determination of any remaining issues.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 26, 1988 — RECONSIDERATION DENIED NOVEMBER 22, 1988.

*Eugene H. Polleys, Jr.,* for appellants (case no. 45994).
*Kenneth M. Henson, Jr.,* for appellant (case no. 45995).
*Peter G. Williams,* for appellees.