A95A1513. MACON-BIBB COUNTY PLANNING & ZONING COMMISSION v. VINEVILLE NEIGHBORHOOD ASSOCIATION et al.

A95A1514. RAMSBOTTOM COMPANY et al. v. VINEVILLE NEIGHBORHOOD ASSOCIATION et al.

(462 SE2d 764)

BLACKBURN, Judge.

These discretionary appeals are from the trial court's order reversing three zoning decisions made by the Macon-Bibb County Zoning Commission ("Zoning Commission"). In Case No. A95A1513, the Zoning Commission appeals the trial court's decision, and in Case No. A95A1514, the Ramsbottom Company ("Ramsbottom") and the Kroger Company ("Kroger") appeal the same decision.

After zoning hearings, the Zoning Commission approved Ramsbottom's and Kroger's request to rezone a piece of property owned by Atlantic Cotton Mills, Inc., allowing the construction of a shopping center thereon. A residential area in the City of Macon, known as Vineville, bordered the ten-acre proposed site to the north. A 75-year-old, fully operational cotton mill borders the east side of the site. Pio Nono Avenue, a four-lane road, runs along the property's west side, and adjoining it to the south are the tracks of the Central of Georgia Railroad.

Upon petitions for certiorari, the superior court determined that plaintiffs, Vineville Neighborhood Association ("Association"), had standing to bring the underlying action as neighbors; found that the Zoning Commission had manifestly abused its discretion in approving a rezoning application, conditional use and certificate of appropriateness for Kroger; and enjoined Kroger from using the subject property "in any manner not authorized by the zoning regulations applicable to that property."

1. Appellants enumerate that the trial court erred by finding that the Association, as neighbors, had standing to object to the Zoning Commission's decisions in rezoning the property.

"It is important to keep in mind that the governing authority has approved the zoning change, thereby giving its permission to the landowner to use the property as the landowner desires. It is also important to keep in mind that we deal now with the right or power of neighbors to deny to the landowner the right to use the property as the landowner desires and as approved by the governing authority. Moreover, we deal here with the standing of neighbors to enjoin rezoning granted a property owner, not the standing of neighbors to be heard by a governing authority when considering a proposed zoning change." (Footnote omitted.) *Lindsey Creek Area Civic Assn. v. Consolidated Govt. of Columbus*, 249 Ga. 488, 490 (292 SE2d 61) (1982).

"In order to challenge on the merits a decision of a governing authority to rezone, plaintiffs must show special damages under the substantial interest-aggrieved citizen test. *Dunaway v. City of Marietta*, 251 Ga. 727 (308 SE2d 823) (1983); *Brock v. Hall County*, 239 Ga. 160 (236 SE2d 90) (1977)." *City of Marietta v. Traton Corp.*, 253 Ga. 64, 65 (316 SE2d 461) (1984). "[T]here [are] two steps to standing: First, that a person claiming to be aggrieved must have a substantial interest in the zoning decision, and second, that this interest be in danger of suffering some special damage or injury not common to all property owners similarly situated. By 'similarly situated,' we refer to persons in the general community who may merely suffer inconvenience and exclude those persons who stand to suffer damage or injury to their property which derogates from their reasonable use and enjoyment of it." *DeKalb County v. Wapensky*, 253 Ga. 47, 48

(315 SE2d 873) (1984). To illustrate the foregoing rule, the *Wapensky* court cited *Brand v. Wilson*, 252 Ga. 416, 417 (314 SE2d 192) (1984). In *Brand*, the court found evidence given by an expert real estate appraiser indicating that an adjoining landowner would suffer a 15 percent to 20 percent decrease in the value of his property "sufficient evidence upon which a trial court might find substantial damage to a substantial interest." Id. at 417.

In the present case, several residents of the Vineville area expressed concerns at the zoning hearings regarding increased traffic, noise, and crime and lower property values. Several people from the North Highland neighborhood spoke regarding the problems they have experienced with the Kroger store in their neighborhood. No expert real estate appraiser, traffic engineer, land planner, or other expert witness testified at the zoning hearing that any member of the Association, whether adjoining landowner or otherwise, would suffer any substantial damage to any substantial interest. In *Lindsey Creek*, supra at 492, we determined that neither the homeowners' opinions that their property values would decrease nor their claims of nuisance met the substantial interest required to satisfy the aggrieved citizen test for standing.

Several people spoke at the hearings regarding their concern for the preservation of the historic nature of the Vineville area. However, despite a Kroger store in the North Highland community, the executive director of the Macon Heritage Foundation told the Zoning Commission that the North Highland community was "about to get on the National Register of Historic Districts."

The appellants submitted a petition signed by 620 residents supporting the proposed rezoning, an overwhelming majority of the neighborhood inclusive of 264 names from a high rise apartment building for the elderly one block away. Eleven of the sixteen residents whose houses adjoin the site signed the petition in favor of the rezoning. Other testimony before the Zoning Commission indicated that projected traffic increases associated with the proposed zoning change would have only minimal impact on area traffic and required no change in the level of service required by the city. A representative of the Macon Police Department testified that department statistics suggested that the proposed Kroger superstore would not bring with it an identifiable pattern of violent or drug-related criminal activity. Furthermore, Kroger proposed plans to address the concerns of the Association with regard to problems raised by the North Highland Neighborhood Association.

"The mere increase in traffic congestion adjacent to one's property as the result of improvements erected on nearby property and the attendant inconvenience resulting therefrom which are damages suffered alike by all property owners similarly situated, does not give

to one individual such a substantial interest in the decision of the [Zoning Commission] permitting the improvement as to authorize an appeal therefrom. Such an inconvenience is a condition incident to urban living. It is merely the result of normal, urban growth and development. To hold that such an inconvenience would give to any resident or property holder of an urban area the right to override the decisions of boards of zoning appeals any time such property owner or resident disagreed with such decision would be a dangerous precedent to establish. It would result in materially slowing, if not completely stopping, the inevitable and necessary growth of large modern cities." (Punctuation omitted.) *Lindsey Creek*, supra at 491-492.

Under these circumstances, the trial court's finding that the Association had standing to challenge the decisions of the Zoning Commission upon evidence of substantial damage to a substantial interest was clearly erroneous. *City of Marietta*, supra at 65-66.

2. In light of the foregoing, the remaining enumerations of error are moot. The trial court's decision reversing the Zoning Commission is reversed.

*Judgments reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 13, 1995 —
RECONSIDERATION DENIED OCTOBER 4, 1995 —

*O. Hale Almand, Jr., Roy W. Griffis, Jr.*, for appellant (case no. A95A1513).

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley, Charles M. Leverett*, for appellants (case no. A95A1514).

*James C. Marshall*, for appellees.