BRYANT *et al.* *v.* BOARD OF EDUCATION OF COLQUITT COUNTY.

HINES, J.    1.  Mandamus will lie against the board of education of Colquitt County, to compel them to issue commissions to persons duly elected trustees of a school district in accordance with the provisions of section 120 of the act entitled " An act to codify the school laws of the State of Georgia," etc.    (Acts 1919, p. 288), when such board improperly refuses to confirm the election of such trustees and to issue to them their commissions.  *Harrell* v. *Williams*, 154 *Ga.* 632 (115 S. E. 97).

(*a*)   Certiorari is an appropriate remedy to review the judgment of an inferior judicatory only when such tribunal exercises judicial or quasi-judicial powers.  *Daniels* v. *Commissioners of Pilotage*, 147 *Ga.* 295 (93 S. E. 887) ; *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499 (113 S. E. 545).

(*b*)   The right of appeal given in section 13 of the above act exists only when the county board of education has heard and decided some matter of local controversy in reference to the construction or administration of the school law, and is confined to the parties to such controversy; but is not applicable to a direct proceeding brought against such board to compel the discharge of some official duty.

2.  The pertinent portions of section 120 of said act are as follows: " Within ninety days after the board of education has laid off the county as required in section 1531, said board may or may not order the citizens of the several school districts to hold an election for the purpose of electing three trustees for each district in the county.  .  .   The trustees shall be intelligent citizens of good moral character who are known to be earnest supporters of public education.  .  .   The notice of their election shall be filed by the election managers with the county school superintendent, who shall submit the same to the county board of education for their approval.  .  . If the county board of education shall consider any member or members unqualified for the work, they shall refuse to confirm the election of such member or members and require the citizens of a district at a time and place and in a manner prescribed by the county board of education to elect others."  *Held*:

(*a*)   That while mandamus is ordinarily a remedy for official inaction, and does not generally lie to control the conduct of an officer vested with discretion, yet where the exercise of such discretion has been so capricious or arbitrary as to amount to its gross abuse, mandamus is a proper remedy to correct such gross abuse of discretion.  *City of Atlanta* v. *Wright*, 119 *Ga.* 207 (45 S. E. 994) ; *Richmond County* v. *Steed*, 150 *Ga*, 229 (103 S. E. 253).

(*b*)   That, if intelligent citizens of good moral character, who are known to be earnest supporters of public education, are duly elected trustees of a school district, the county board of education is not clothed with absolute discretion to refuse to approve their election and to commission them, said board having power to refuse to confirm the election of such trustees only when the persons elected are un-

qualified for the work; that is, where they lack the qualifications prescribed for such trustees under this section; but in determining whether persons elected trustees possess these qualifications, the board of education is clothed with official discretion which will not be interfered with unless abused.

(c) That the county board of education is without authority to refuse to confirm the election of trustees and to issue them commissions on the ground that such trustees decline to assume personal responsibility for an indebtedness incurred by their predecessors in office in behalf of the school district.

3. If an issue of fact is involved in a mandamus case, such issue shall be tried by a jury. Civil Code (1910), § 5445. Where the petition for mandamus is brought to compel the county board of education to issue to the petitioners their commissions as duly elected trustees of a school district, and it is alleged therein that the petitioners were elected at the time, place, and in the manner prescribed by the board, that the applicants are intelligent citizens of good moral character who are known to be earnest supporters of public education, and that the board of education refused to confirm their election and commission them, because they declined to assume individually the payment of an indebtedness which their predecessors in office had contracted in behalf of the school district and individually assumed, the last allegation being made upon information and belief, and where the defendant in its answer denied these allegations, issues of fact were raised which could only be tried by a jury.

4. The petition alleging that the election was held at the proper place as ordered, and the answer denying this allegation, an issue of fact was thus raised, which can only be decided by a jury under the proof and proper instructions from the court.

5. Applying the above rulings, the trial judge erred in refusing to have the issues of fact in this case submitted to a jury for decision, and in denying a mandamus upon the petition and answer.

*Judgment reversed. All the Justices concur.*

No. 3775. OCTOBER 13, 1923.

Petition for mandamus. Before Judge W. E. Thomas. Colquitt superior court. March 10, 1923.

J. M. Bryant and E. W. Snipes, on Jan. 9, 1923, filed their petition for mandamus against the county board of education of Colquitt County, and made this case: Petitioners are residents and taxpayers of said county and residents and citizens of the fourth consolidated school district thereof. On Nov. 7, 1922, the defendant ordered an election to be held in said district, at Funston on Nov. 24, 1922, for the purpose of electing trustees for said district to take the places of three trustee whose terms of office had expired. After notice was given as prescribed by defendant, said election was held on Nov. 24, 1922, at the time, place, and in the

manner prescribed by defendant. Petitioners and W. J. Perkins were elected as such trustees, and notice of their election was filed by the election managers with the county school superintendent, who forwarded the same to the defendant for its approval on the first Tuesday in December, 1922. Defendant took no action on said election on said date, but had its meeting on the first Tuesday in January, 1923, commissioned Perkins as trustee after having confirmed his election, but refused to confirm the election of petitioners, though demand was made upon it so to do; and it still refuses to confirm the election of petitioners and properly commission them. Petitioners are intelligent citizens of good moral character, and are known to be earnest supporters of public education, and are fully qualified to fill the position of trustee of said district. In refusing to confirm their election and commission them, defendant grossly abused its discretion. Petitioners state on information and belief that defendant confirmed the election of said Perkins and refused to confirm their election because said Perkins agreed to assume an individual obligation to pay an indebtedness contracted by former trustees in behalf of said district, whereas petitioners refused to do so. About four years ago the trustees of said district contracted an obligation of about $7000 for said district, and signed notes therefor in their individual capacity, assuming personal and individual liability for its payment. Subsequently two trustees were elected to fill the office of two trustees whose terms of office had expired, and said newly elected trustees were required to assume, and did assume, individual liability for the payment of said indebtedness, releasing therefrom said two trustees whose terms had expired. In 1921 the defendant ordered an election to fill the offices of two trustees whose terms had expired, and their successors were duly elected, and the result of the election was submitted to the defendant in the manner required by law; but the trustees so elected refused to assume personal liability on the indebtedness mentioned, and defendant refused to confirm their election and commission them, and said trustees whose terms expired in 1921 have continued to hold office until this date. Petitioners are not men of wealth, and the holder of the notes mentioned refuses to allow them to assume liability thereon in the places of the present trustees whose terms have expired, even though petitioners were willing to so assume said

obligation individually, for which reason defendant refuses to confirm their election and properly commission them as trustees of said district.

A mandamus nisi was issued and served on the defendant. The defendant demurred to the petition, on the grounds: (1) that it set out no cause of action, and that petitioners were not entitled to the relief prayed for; (2) that petitioners have other specific legal remedies by which to review and control the action of respondent, if legally entitled thereto, to wit: (a) writ of certiorari to correct alleged errors of respondent, and (b) appeal from the judgment of respondent to the State school superintendent, and from the judgment of the latter to the State board of education; and (3) that it appears from the petition that respondent has not failed or refused to perform any act which it is its legal duty to perform or which petitioners have legal right to compel it to perform, but respondent has already taken such action on the notice of the election of petitioners as it is required by law to take, that is, said petition shows respondent has refused to confirm the election of petitioners; and the remedy of mandamus does not lie to compel respondent to reverse its own judgment or take action on a matter in which it has done all that is required by law.

In its answer the defendant admitted the election of petitioners and Perkins as trustees of said district, that it commissioned Perkins, and that it refused to approve the election of petitioners and commission them; but denied that it refused to confirm their election for the reason assigned by them. The defendant alleged that the election for these trustees was ordered to be held at the school building in said district, but was held in a store building in Funston, some 300 yards from said school building. The holding of said election at said store was without defendant's knowledge or consent or that of the county school superintendent, and without any notice being given to the public or the voters of said district that the place of holding said election had been changed. Only 55 votes were cast, which is less than one third of the qualified voters residing in said district. As the election was not held at the place designated and advertised, it was illegal and void. On Jan. 10, 1923, defendant passed a resolution declaring said election to be void, and rescinding its former action approving the election of Perkins as said trustee, and, as no commission had been issued him,

revoked its former order granting authority to the county school superintendent to issue him a commission. The defendant then called an election to be held in said district at the Funston consolidated school building on Jan. 27, 1923, for the purpose of electing three trustees for said district. The answer was filed on Jan. 24, 1923.

Petitioners demurred to the answer, on the ground that it set up no defense. They demurred specially to various paragraphs. At the hearing plaintiffs moved that the cause be tried before a jury, as issues of fact were raised by the answer. The court denied this motion, and upon consideration of the pleadings passed an order denying the writ of mandamus. To these rulings the plaintiffs excepted.

*H. H. Whelchel,* for plaintiffs.  *Hill & Gibson,* for defendant.