41468. PRESNELL et al. v. McCOLLUM, Commissioner, et al.

FELTON, Chief Judge. 1. Certiorari is not an appropriate remedy to review or obtain relief from the judgment, decision or action of an inferior judicatory or body rendered in the exercise of legislative, executive, or ministerial functions, as opposed to judicial or quasi-judicial powers. *Code* §§ 19-101, 19-203; *Cox v. Bd. of Commissioners of Whitfield County*, 65 Ga. 741; *Carr v. City of Augusta*, 124 Ga. 116 (2) (52 SE 300); *Bryant v. Board of Ed. of Colquitt County*, 156 Ga. 688 (1a) (119 SE 601); *City of Cedartown v. Pickett*, 193 Ga. 840, 842 (1) (20 SE2d 263); *Smith v. Mayor &c. of Macon*, 202 Ga. 68, 69 (1) (42 SE2d 128); *Morman v. Pritchard*, 108 Ga. App. 247, 250 (1a) (132 SE2d 561).

2. The acts of a county commissioner in zoning matters are not a judicial or quasi-judicial function, but a legislative function, to which the writ of certiorari will not lie. *Toomey v. Nor-*

*wood Realty Co.,* 211 Ga. 814, 816 (1) (89 SE2d 265) ; *Vulcan Materials Co. v. Griffith,* 215 Ga. 811, 814 (1) (114 SE2d 29) ; *Jernigan v. Smith,* 218 Ga. 107 (2) (126 SE2d 678).

3. This case was transferred to this court without an opinion. The transfer necessarily means that the Supreme Court adjudicated that it did not have jurisdiction of the case. Such an adjudication could mean that no constitutional questions of which the Supreme Court had jurisdiction were properly raised and also that no Federal Constitutional question was properly raised and that there was only a question of the application of the State Constitution to the question here involved because the Supreme Court had already ruled in principle that any legislative Act authorizing a review of the exercise of constitutional powers by zoning authorities is unconstitutional. *Hunt v. McCollum,* 214 Ga. 809 (108 SE2d 275) ; *Continental Cas. Co. v. Bump,* 218 Ga. 187 (126 SE2d 783). It follows that Sec. 12 of Ga. L. 1956, p. 2006, as amended by Ga. L. 1964, pp. 3181, 3184, providing "that every decision or act of the governing authority of Cobb County in the administration of this Act and the zoning regulations and restrictions promulgated hereunder shall be subject to certiorari to the Superior Court of Cobb County, Georgia . . ." is unconstitutional under *Hunt v. MvCollum,* supra. Accordingly, the superior court did not err in its judgment sustaining the motion to dismiss the petition for certiorari, which sought a review of actions in rezoning matters taken by the Commissioner of Roads and Revenues of Cobb County.

*Judgment affirmed. Jordan and Deen, JJ., concur.*

ARGUED SEPTEMBER 7, 1965—DECIDED OCTOBER 1, 1965—
JUDGMENT ADHERED TO ON REHEARING OCTOBER 22 AND
NOVEMBER 3, 1965.

*Robert L. Mitchell,* for plaintiff in error.
*A. Sidney Parker, J. R. Cullens, Ben Lancaster,* contra.