27864. OWENS et al. v. COBB COUNTY et al.

HAWES, Justice. This case involves a question of pleading and practice under the Civil Practice Act. The appellants filed what was delineated a "Petition for Certiorari and Injunction" with the Cobb Superior Court seeking review of a local governing authority decision upon a matter of zoning. Joined in the action as party defendants were the county, members of the Cobb County Board of Commissioners and the rezoning applicant before the Board, Mrs. H. H. Stroud, all of whom were alleged to be residents of Cobb County and thereby subject to the jurisdiction of the trial court. The allegations indicated the appellants opposed the rezoning measure of the board which would allow the construction of apartment buildings in an area previously zoned for residential purposes. The appellants asserted the action taken by the board was illegal for various reasons, both statutory and constitutional, and asked that the ruling be voided and the rezoning applicant be restrained from constructing apartment buildings to their injury.

Upon motion by the defendants, the trial court dismissed the petition in its entirety upon the ground that the writ of certiorari would not lie to obtain review in superior court of determinations of local governing authorities involving zoning matters. The order was based on a series of cases in this court and in the Court of Appeals in which the appeal and later certiorari provisions of Ga. L. 1956, p. 2006 (as amended, Ga. L. 1964, p. 3181) authorizing this manner of review by the Cobb Superior Court had been invalidated upon constitutional grounds. See *Hunt v. McCollum,* 214 Ga.

809 (108 SE2d 275) (1959), and *Presnell v. McCollum,* 112 Ga. App. 579 (145 SE2d 770) (1965). In these cases the rule was established that neither certiorari nor appeal was a method of review available in a zoning case where the discretion of the court might be interposed for that of the governing authority acting on its own discretion in a legislative or ministerial capacity.

On appeal the single issue before this court is whether the dismissal of the petition by the trial court under these circumstances was a proper one. We think not.

The label given an action in a complaint is not controlling under the Civil Practice Act. See Rules 2, 3 and 8 (a). Under Rule 8 of the Civil Practice Act, there is required only of complaints that the pleader set forth a brief statement upon which to base the jurisdiction of the court, a short and plain statement of the claim that may entitle the pleader to relief, and a demand for judgment for the relief to which he deems himself entitled. At the center of the Civil Practice Act is Rule 8 (f), that pleadings be construed to do substantial justice, and under it, taken in conjunction with Rule 15 stating liberal terms for amendments of pleadings, there is allowed and required that decisions be made on the merits and not upon the niceties of pleadings. See 2A Moore's Federal Practice §§ 8.13 and 8.34. For it is the substance rather than the form that the court must look to. Consequently, the jurisdiction of the court to entertain the complaint, as well as the theory upon which relief is sought, are matters dependent upon the main and material allegations of the pleadings.

In the petition before us there were set forth the equitable jurisdiction of the trial court, statutory and constitutional grounds upon which relief was sought, and a demand for injunctive relief as against the rezoning applicant, Mrs. Stroud. The petition, though labeled one for certiorari review, conformed to the

pleading requirements for complaints under the Civil Practice Act and otherwise stated a claim for relief as against such rezoning applicant. It was error to dismiss the petition as to Mrs. Stroud, though, in view of our ruling in *Hunt v. McCollum,* supra, precluding direct claims against local governing authorities in zoning contests, no error was committed on the dismissal as to the county and the board of commissioners.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED APRIL 10, 1973 — DECIDED JUNE 21, 1973.

*Joe L. Anderson,* for appellants.

*Sidney Parker, Fredericks, Jones & Wilbur, Carl Fredericks,* for appellees.