## 30817. RIVERHILL COMMUNITY ASSOCIATION et al. v. COBB COUNTY BOARD OF COMMISSIONERS et al.

HILL, Justice.

The plaintiffs below, a group of homeowners in Cobb County, appeal the grant by the trial court of a motion for summary judgment in favor of the defendants, the Cobb County Board of Commissioners and Cobb County Planning Commission. Plaintiffs filed three separate suits relating to a decision by the Cobb County Board of Commissioners to rezone property in Cobb County from residential to planned unit development.

One complaint was filed in superior court against the named defendants seeking to have the rezoning action declared null and void and to enjoin the planning commission and board of commissioners from giving effect to it. Plaintiffs also sought to appeal the decision of the board of commissioners to the Board of Zoning Appeals of Cobb County. The board of zoning appeals refused to entertain the appeal for lack of jurisdiction, and plaintiffs filed two other complaints in superior court, one seeking to appeal the decision of the board of zoning appeals in denying jurisdiction, and the other seeking mandamus to require the board of zoning appeals to accept jurisdiction. Motions to dismiss were filed by the defendants in each case.

The three complaints were consolidated. Thereafter, an order was entered granting judgment in favor of the board of zoning appeals. A new hearing before the county commission was ordered and held. Treating the motions to dismiss as motions for summary judgment, the trial court then granted judgment in favor of the board of commissioners and the planning commission in the action against them, declaring the rezoning action of the board of commissioners to be constitutional, legal and valid in all respects.

### I. Parties.

1. A board of zoning appeals has no authority under Georgia law to review a zoning decision of the board of commissioners. The action of the trial court in dismissing the suits against the board of zoning appeals was correct.

*Royal Atlanta Development Corp. v. Staffieri,* 236 Ga. 143 (223 SE2d 128) (1976); *Toomey v. Norwood Realty Co.,* 211 Ga. 814 (2) (89 SE2d 265) (1955).

2. The Cobb County Planning Commission has no power to rezone property. *Humthlett v. Reeves,* 212 Ga. 8 (1) (90 SE2d 14) (1955); *F. P. Plaza, Inc. v. Waite,* 230 Ga. 161, 163 (196 SE2d 141) (1973). Hence the planning commission is not a proper defendant in a suit attacking the grant of a rezoning application. The suit against the planning commission was properly dismissed.

3. Generally, an action challenging an allegedly ultra vires act by a public body in this state is properly brought by suit for injunction against that public body (where no adequate means for review is provided by law). *Cravey v. Southeastern Underwriters Assn.,* 214 Ga. 450 (6) (105 SE2d 497) (1958); *Irwin v. Crawford,* 210 Ga. 222 (78 SE2d 609) (1953); *Ga. Power Co. v. Ga. Public Service Comm.,* 211 Ga. 223 (85 SE2d 14) (1953), and cits.

Suits challenging the acts of county and city governing authorities in rezoning property have been maintained by petition for injunction against those bodies. *Pendley v. Lake Harbin Civic Assn.,* 230 Ga. 631 (198 SE2d 503) (1973); *McLennan v. Clarke,* 230 Ga. 891 (199 SE2d 784) (1973).

One case apparently to the contrary has been called to our attention. In *Owens v. Cobb County,* 230 Ga. 707 (198 SE2d 846) (1973), the plaintiff filed a "Petition for Certiorari and Injunction" naming the county and the successful rezoning applicant as defendants. The trial court dismissed the complaint under the authority of *Hunt v. McCollum,* 214 Ga. 809 (108 SE2d 275) (1959), and *Presnell v. McCollum,* 112 Ga. App. 579 (145 SE2d 770) (1965). This court affirmed the dismissal as to the county but reversed as to the zoning applicant, finding that under the Civil Practice Act the complaint stated a claim for equitable relief as against the applicant. The court found that dismissal of the equitable suit against the county was proper under *Hunt v. McCollum,* supra.

Reconsideration of *Owens v. Cobb County,* supra, in light of *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975), convinces us that the suit in equity was maintainable against the county. *Cravey v. Southeastern*

*Underwriters Assn., Irwin v. Crawford, Ga. Power Co. v. Ga. Public Service Comm.,* supra. We reaffirm *Owens,* however, in holding that a successful rezoning applicant in a zoning contest is a proper, even indispensable, party and should be joined to obtain complete relief in equity. The fact that a suit for declaratory judgment *might* be maintained against the governing authority without making the rezoning applicant a party does not overcome the requirement of due process that the successful rezoning applicant be afforded notice and opportunity to be heard in a suit contesting the rezoning.

We hold that a suit in equity is maintainable against the governing (zoning) authority to contest the validity of a rezoning resolution, that the governing authority is the defendant against which substantial relief is prayed, but that the successful rezoning applicant should be a party defendant in such suit as provided by Code Ann. § 81A-119.[1]

## II. Merits.

4. Our review of the record and transcripts convinces us that the plaintiffs have been heard by the county commission and that further hearings before the commissioners would be time-consuming but of no other useful purpose to the plaintiffs. Plaintiffs were put on notice by the trial court as to the hearing before the commissioners which was ordered by the court.

Plaintiffs sought a hearing before the commission; the trial court ordered such hearing; plaintiffs had notice of that hearing and were heard by the commission; plaintiffs therefore cannot complain in this court that they were denied notice of an earlier hearing by the commission.

Issues of fact as to the adequacy of notice of the December hearing, or as to the adequacy of the February

---

[1]The case of *Carlson v. Hall County Planning Comm.,* 233 Ga. 286 (210 SE2d 815) (1974), is inapplicable here because in that case substantial relief was sought against the grantor by the grantee in a deed to a lot in a subdivision complaining of alleged violations of restrictive covenants in the subdivision plat.

hearing, will not preclude the grant of summary judgment where a subsequent hearing was held after notice to plaintiffs.

5. Plaintiffs' motion for summary judgment challenging the adequacy of notice of the December 1974 hearing was properly overruled in view of the court's order requiring a new hearing in October 1975.

6. Following the hearing by the county commission ordered by the trial court, the commission reissued its rezoning resolution on October 21, 1975, including findings made necessary by the trial court's order.

On October 22, 1975, the trial court adopted the findings of the commission and, treating defendants' previously filed motions to dismiss as motions for summary judgment, granted judgment in favor of defendants.

In view of the decision of this court last month in *Royston v. Royston,* 236 Ga. 648, we must reverse. Plaintiffs were entitled to notice of conversion of a motion to dismiss into a motion for summary judgment and 30 days to respond to such motion. *Royston v. Royston,* supra; Code Ann. § 81A-156 (c).

As heretofore noted however, issues as to notice and adequacy of earlier hearings before the commission do not preclude the grant of summary judgment based upon the commission's later hearing and findings. Trial de novo in the superior court is not required. *Hunt v. McCollum,* supra. See also *Statesboro Telephone Co. v. Georgia Public Service Comm.,* 235 Ga. 179 (1) (219 SE2d 127) (1975).

For the reasons stated in this division, the judgment of the court below must be reversed.

*Judgment reversed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only.*

ARGUED FEBRUARY 10, 1976 — DECIDED MAY 17, 1976.

*H. E. Miller, Jr., John J. Capo,* for appellants.
*Ben F. Smith, Roy Barnes,* for appellees.