43768. DOUGHERTY COUNTY, GEORGIA et al. v. WEBB.
(350 SE2d 457)

GREGORY, Justice.

Appellee Webb is the owner of property located in a section of

Dougherty County zoned single family residential. Webb filed an application with the Dougherty County Commission (County Commission) for special approval of the use of his property as a church. Such a use is conditionally permitted under §§ 4.36 and 7.05 of the Dougherty County Zoning Ordinance. The County Planning Commission recommended that the application for special approval be granted upon the satisfaction of certain conditions. The County Commission voted unanimously to deny the application.

Webb thereafter petitioned the superior court for a writ of mandamus requiring the County Commission to grant his application for special approval. The trial court found the County Commission acted arbitrarily and capriciously in denying the application, and ordered the Commission to issue Webb special approval. We reverse.

1. Whether denominated as special approval, special exception, special permit or conditional use, this zoning technique "was developed as a means of providing for types of land use which are necessary and desirable, but which are potentially incompatible with uses usually allowed in the particular district." 3 Rathkopf, The Law of Zoning and Planning, § 41.01 (1979). All "involve a special use authorized by the existing zoning ordinance . . . , but the ordinance provides that such uses shall be allowed only upon the condition that it be approved by the appropriate governmental body." *City of Atlanta v. Wansley Moving &c. Co.*, 245 Ga. 794 (267 SE2d 234) (1980). This zoning device allows the local governing body to anticipate proposed future land uses potentially in conflict with existing permitted uses, and affords the flexibility of permitting the proposed use upon compliance with conditions set out in the ordinance, or in the discretion of the local governing body. See Rathkopf, supra; 3 Anderson, American Law of Zoning 2d, § 19.01 (1977); *Wansley*, supra at 795.

This court has held "that in the absence of provision in the zoning ordinance prescribing the means of judicial review, mandamus is a proper remedy for reviewing the denial of conditional and special use permits." *Wansley*, supra at 796. The parties in this case concede that mandamus is the appropriate method to review the County Commission's denial of Webb's application for special approval.[1]

"Mandamus will issue against a public officer under two circumstances: (1) where there is a clear legal right to the relief sought, [cit.] and (2) where there has been a gross abuse of discretion. . . . [W]here the zoning ordinance does not prescribe all the conditions which must be met in order to obtain a conditional or special use

---

[1] Only excerpts of the Dougherty County Zoning Ordinance have been made part of the record in this case. We are, therefore, unable to determine whether the ordinance provides a means of review for the denial of special approval. However, as indicated above, this issue is not before us.

permit but leaves the issuance thereof to the discretion of the issuing authority, then the aggrieved applicant may proceed by mandamus where no adequate remedy is provided, but must show that denial of such permit constituted a gross abuse of discretion by the governing authority. Or as was said in *Pruitt v. Meeks*, [226 Ga. 661, 662 (177 SE2d 41) (1970),] the applicant must show that the discretionary denial of the permit was 'arbitrary, capricious and unreasonable.' " Id.

Article VII of the Dougherty County Zoning Ordinance permits the use of residential property for specified non-residential purposes under certain circumstances. Section 7.05 provides for "Uses permitted *after special approval* of the County Commission. . . . (c) Churches and other facilities incidental thereto, provided that the proposed site for a church is not less than two acres; that there is adequate access to all required off-street parking areas; and that there is no parking in the required front yard." (Emphasis supplied.) Section 4.36 of the Zoning Ordinance provides: "An application for special approval of the County Commission shall include a site plan and letter of intent from the applicant. The County Commission shall hold a hearing on the application. . . . The County Commission may approve the application as submitted; it may deny the application; or it may impose conditions and safeguards deemed necessary for the protection of the public interest. The County Commission in reviewing the application should consider: a. The effect of the proposed activity on traffic flow along adjoining streets; b. the location of off-street parking facilities; c. the number, size and type of signs proposed for the site; d. the amount and location of open space; e. protective screening; f. hours and manner of operation of the proposed use; g. outdoor lighting; h. ingress and egress to the property; i. compatibility with surrounding land use." While certain objective conditions must be satisfied before an applicant is granted special approval, see § 7.05 supra, the ultimate decision to issue special approval is left to the discretion of the Dougherty County Commission. The trial court found, and it is not disputed, that all of the requirements of § 7.05 of the Zoning Ordinance have been satisfied with the exception of special approval of the County Commission. The trial court found that the Commission considered two factors under § 4.36 in denying Webb's application: traffic problems and incompatibility with surrounding land use.[2] The trial court found, however, that there was evidence presented relative to the other factors under § 4.36 which was not considered by the Commission, but which was in con-

---

[2] The record shows that the County Commission also considered the possibility of drainage problems in making its decision. We agree with the trial court that while this is not a factor under § 4.36, the ordinance does not prohibit the Commission from considering circumstances other than those listed under § 4.36.

flict with the evidence considered by the Commission. The trial court determined that the Commission's failure to consider this evidence was "arbitrary and capricious, constituting an abuse of discretion." The court's order then required the grant of the application for special approval. We think the trial court erred in its remedy. There was no finding that all the evidence (both that considered by the Commission and that not considered by the Commission) was such that failure to grant the application amounted to a gross abuse of discretion. Rather, it was the failure of the Commission to consider relevant evidence which the trial court found to be "arbitrary and capricious, constituting an abuse of discretion." We agree the Commission's failure to consider evidence was improper but we hold that it comes within the first circumstance which authorizes the writ of mandamus. This is where there is a clear legal right to the relief sought. There is a clear legal right under the zoning ordinance to have the Commission consider relevant evidence. It provides for a hearing and enumerates several items which should be considered, and has no prohibition against consideration of other matters. The correct remedy under mandamus is to order the Commission to do what Webb had a clear legal right to have it do: consider all the evidence offered.

2. The County Commissioners are correct in pointing out that it is the evidence before the Commission, and not that before the trial court, which must be the focus of our inquiry.[3] *City of Atlanta v.*

---

[3] In zoning matters it is of fundamental importance to distinguish between two types of cases. The procedures are different in each. Where a constitutional attack is made against a zoning ordinance, this issue must be raised before the local governing body (county commission or city council) in order to afford that body the opportunity to amend its ordinance to bring it within constitutional limits. *Village Centers v. DeKalb County*, 248 Ga. 177 (281 SE2d 522) (1981). That body however, does not adjudicate the constitutionality of the ordinance. Instead, it acts in its legislative capacity should it elect to amend the ordinance. *Olley Valley Estates v. Fussell*, 232 Ga. 779 (208 SE2d 801) (1974). The landowner who is disappointed before the local governing body next brings a suit in superior court challenging the constitutionality of the zoning ordinance. The superior court determines the law and facts from matters presented to it with no deference to decisions made below on either fact or law. The landowner must establish the unconstitutionality of the ordinance by clear and convincing evidence. *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469 (349 SE2d 707) (1986). A landowner who loses may appeal his case to this court where our standard of review as to the facts is the clearly erroneous test. *City of Roswell v. Heavy Machines, Co.*, 256 Ga. 472 (349 SE2d 743) (1986); *Bd. of Commrs. v. Skelton*, 248 Ga. 855 (286 SE2d 729) (1982). We, of course, owe no deference to the superior court as to the law.

The other type case is that presented by this opinion, where a special permit is sought under terms set out in the ordinance. In these circumstances the landowner must present his case on its facts and the law to the local governing body. That body acts in a quasi-judicial capacity to determine the facts and apply the law. See 3 Anderson, American Law of Zoning, § 19.17 (1977); 3 Rathkopf, The Law of Zoning and Planning, § 42-10 (1979); *Olley Valley Estates, Inc.*, supra. A disappointed landowner travels to superior court by direct appeal, if the zoning ordinance so provides, or otherwise by mandamus. *City of Atlanta v. Wansley Moving &c. Co.*, 245 Ga. 794 (267 SE2d 234) (1980). The superior court is bound by the facts presented to the local governing body. The law, of course, is determined anew by the superior

*Wansley Moving &c. Co.,* 245 Ga., supra at 797. While it is true that the trial court heard evidence other than that presented to the Commission, nothing in the trial court's order turns on the fact of this additional evidence. Rather, the trial court's decision was based solely on the evidence presented to the County Commission.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED DECEMBER 3, 1986.

*Lee & Lee, W. Spencer Lee IV,* for appellants.

*Vansant, Gilberg, Kraselsky & Corriere, Robert L. Kraselsky,* for appellee.

---

court. In a mandamus action, the landowner is entitled to relief only where he has established before the local governing body a clear legal right to the relief sought, or demonstrates to the superior court a gross abuse of discretion. Id.