S90A0592. SHOCKLEY v. FAYETTE COUNTY, GEORGIA et al.
(396 SE2d 883)

CLARKE, Chief Justice.

In 1988 appellee Fayette County amended its zoning ordinance by enacting Section 5-47 which identifies and regulates watershed

protection areas. Under zoning restrictions existing prior to this amendment, appellant's property could be subdivided into one-acre lots; the amendment required that the affected portions of her property be subdivided into lots no smaller than two acres.

Appellant filed a request for a variance from the application of Section 5-47 with the Board of Zoning Appeals (Board) in which she maintained, inter alia, that Section 5-47 resulted in an unconstitutional taking of her property which could be cured by the granting of a variance. After appellant's request for a variance was denied by the Board, she filed this action for mandamus against the Board and the County Commission, seeking to have Section 5-47 of the zoning ordinance declared unconstitutional. Additionally, appellant sought an order requiring the Board to issue her a variance.

The trial court concluded that the Board had not acted arbitrarily in denying appellant's application for a variance, and further found that because appellant had failed to raise the constitutional issues before the County Commission, these issues could not be pursued in the mandamus action. We granted appellant's application for discretionary appeal.

The rule is that a landowner who makes a constitutional attack on a zoning ordinance must do so before the local governing body — either county commission or city council — in order to afford that body the opportunity to amend the ordinance and bring it within constitutional limits. *Village Centers v. DeKalb County*, 248 Ga. 177 (281 SE2d 522) (1981). If the governing body fails to amend the ordinance, the dissatisfied landowner may challenge the constitutionality of the ordinance in the superior court.

Where the landowner seeks a variance from the zoning ordinance, maintaining that the ordinance is unconstitutional as applied to his property and that the granting of a variance will cure the constitutional deficiency, the procedural rules are not as clear.

In some counties in Georgia the landowner makes an application for a variance to the local governing body. See, e.g., *Dougherty County v. Webb*, 256 Ga. 474 (350 SE2d 457) (1986). In this instance the landowner has the opportunity to raise constitutional issues before the governing body which has the power to correct any constitutional infirmities.

In other counties the landowner requests a variance from an administrative board, such as the Board of Zoning Appeals in this case. Often there is a provision in the zoning ordinance for an appeal to the governing body from the denial of a request for a variance. See, e.g., *Intl. Funeral Services v. DeKalb County*, 244 Ga. 707 (261 SE2d 265) (1979). Thus, the landowner has the opportunity to present any constitutional issues to the governing body which has remedial powers. This court has held that where the zoning ordinance does not provide

a means of appeal from the denial of a request for a variance, the landowner travels to superior court by writ of mandamus. *City of Atlanta v. Wansley Moving &c. Co.*, 245 Ga. 794 (267 SE2d 234) (1980).

We have recognized that the powers delegated to a board of zoning appeals are neither judicial nor legislative, but are quasi-judicial and quasi-legislative. *Bentley v. Chastain*, 242 Ga. 348 (249 SE2d 38) (1978). As such a board of zoning appeals has no authority to pass upon the validity of a zoning ordinance. Rathkopf, The Law of Zoning and Planning, § 37.02 (8). However, we hold that where the zoning ordinance requires that an application for a variance be made to an administrative board and does not provide for a means of appeal, the landowner who seeks a variance on the ground that the zoning ordinance is unconstitutional in the special circumstances as applied to his property must raise the constitutional issues before the administrative board in order to later pursue them in a mandamus action. This gives the board the opportunity to grant the variance and thereby remedy any such constitutional deficiency in the ordinance as applied to the landowner's property, but does not give the board the authority to determine the constitutionality of the ordinance itself.

The record shows that appellant raised the constitutional issues in question before the Board. The record also shows that the Fayette County zoning ordinance does not provide a means of appeal. Therefore it was proper for appellant to file this action for mandamus in superior court. Since the constitutional issues were timely raised, the case must be remanded to the trial court for a determination on the merits.

*Judgment reversed and remanded. All the Justices concur.*

WELTNER, Justice, concurring.

I agree with many of Justice Hunt's observations.

HUNT, Justice, concurring.

I write separately to point out that the majority opinion is consistent with the rule that where a zoning matter is brought before a *governing* body, a landowner must raise his constitutional claims at that level in order to preserve those claims on appeal to the superior court.[1] See generally *Dougherty County v. Webb*, 256 Ga. 474, 477 (2),

---

[1] I recognize this rule is of some vintage, see, e.g., *DeKalb County v. Post Properties*, 245 Ga. 214, 217 (263 SE2d 905) (1980). It has been stated that, although the governing body does not adjudicate the constitutional claims, it may act in its *legislative* capacity in response to those claims. *Olley Valley Estates v. Fussell*, 232 Ga. 779 (208 SE2d 801) (1974). The implication, I suppose, is that the governing body is less likely to respond if the challenge to its zoning regulation is not stated in constitutional terms. Nonetheless, it makes little sense to require a formal presentation of a constitutional claim before a body which cannot determine that claim. Presently, most zoning matters in the superior court are de novo investiga-

n. 3 (350 SE2d 457) (1986).[2]

We now extend this rule to those situations in which a landowner seeks a variance from a zoning ordinance on constitutional grounds before an *administrative* body, a board of zoning appeals, in which there is no appeal to any *governing* body (commission or council). In these cases, although a board of zoning appeals has been referred to as a quasi-judicial and quasi-legislative body, its powers are distinguishable from those exercised by the judicial and legislative branches. See *Bentley v. Chastain,* 242 Ga. 348 (1) (249 SE2d 38) (1978). As an administrative body, a board of zoning appeals may not pass upon the validity of the constitutional claim. Nevertheless, the board, like a council or commission presented with a constitutional claim, may act in response to that claim. Here, the trial court held that appellant, to preserve her constitutional claims, was required to raise those claims before the governing body, the commission, although the procedure for a request for a variance did not provide for any appeal to the commission. Under our holding, where there is no appeal from an administrative body (the board of zoning appeals) to a governing body (commission or council) in a zoning matter, a constitutional claim is adequately preserved if raised, as it was in this case, before the administrative body.[3]

---

tions as opposed to reviews on the record. Raising the constitutional issue in the superior court alone should suffice since the essence of a zoning controversy which reaches this court is an asserted constitutional deprivation by the governing body.

[2] In reviewing this process one may, on reflection, question the rationale of *Trend Development Corp. v. Douglas County,* 259 Ga. 425 (1) (383 SE2d 123) (1989), in which we held that, as of the date of that opinion, all appeals to this court in zoning cases require an application. The basis of that holding was that an application in such cases is required by OCGA § 5-6-35 (a) (1) as an appeal from a decision of a superior court reviewing a decision of a "local administrative agency." There are two reasons for questioning that decision. First, the local governing body, in making zoning decisions, is a legislative body, and is not, in any sense, an administrative agency. Second, the superior court does not review decisions of local governing bodies (a city council or county commission) in zoning cases in the manner it reviews decisions of administrative agencies. In zoning cases, "[t]he superior court determines the law and facts from matters presented to it with no deference to decisions made below on either fact or law." *Dougherty County v. Webb,* supra, 256 Ga. at 477 (2), n. 3. In its review of decisions of administrative agencies, however, the superior court is limited to the record before the agency and the "any evidence" standard in reviewing the facts. In its appellate role it reviews asserted errors of law. OCGA § 50-13-19 (h) (5). Thus, in a sense, a party appealing the decision of an administrative agency to the superior court has an opportunity for a true appeal, whereas, under our opinion in *Trend,* unless this court grants an application, the losing party in the zoning case has no such opportunity.

[3] This is consistent with, but no more logical than, the rule that a constitutional claim made on appeal from a zoning matter decided by a legislative body must first have been raised before the legislative body. See footnote 1, supra.

DECIDED OCTOBER 3, 1990 —
RECONSIDERATION DENIED OCTOBER 31, 1990.

*Thomas J. McHugh, Jr.*, for appellant.
*McNally, Fox, Mahler, Cameron & Stephens, R. Mark Mahler*,
for appellees.