S95A1259. JACKSON et al. v. SPALDING COUNTY et al.
S95A1260. VAUGHN v. SPALDING COUNTY et al.
(462 SE2d 361)

FLETCHER, Presiding Justice.

The Spalding County Board of Appeals denied two requests for a variance from the county zoning ordinance's requirement concerning roof pitches on manufactured homes. The property owners appealed by filing a petition for a writ of certiorari in superior court, as provided in the ordinance, but challenged that method of appeal as unconstitutional. We granted the property owners' application to consider whether the petition for a writ of certiorari is a proper method for appealing a zoning board's denial of a variance. We affirm, holding that a zoning ordinance may specify the writ of certiorari as the means for judicial review because the board of appeals exercises judicial powers when it decides a variance request.

1. The county zoning ordinance provides: "Any person aggrieved by a decision of the Board of Appeals on an application for a variance may petition the Spalding County Superior Court for a Writ of Certiorari."[1] The court proceedings to review decisions by a zoning board of appeals are derived from the common law writ of certiorari and are often called by that name.[2] We have held that judicial review by cer-

---

[1] Spalding County Zoning Ordinance, § 411 (K) (effective January 1, 1995).
[2] 3 Edward Zeigler, Rathkopf's Law of Zoning & Planning, § 42.01 (4th ed. 1978 & Supp.

tiorari is an appropriate remedy for reviewing a zoning board's denial of a special use permit.[3] When the zoning ordinance fails to prescribe a method of judicial review, we have applied the remedy used to review the denial of special use permits — mandamus — to the zoning board's denial of variances.[4] These decisions indicate that a county may enact an ordinance that prescribes the writ of certiorari as the means for reviewing the denial of a variance.

2. The property owners, however, contend that the county zoning ordinance violates due process because the writ of certiorari denies them judicial review of the board's variance decision and the board's hearings lack adequate judicial procedures. Relying on our decision in *International Funeral Svcs. v. DeKalb County*,[5] the property owners argue that certiorari is improper because the zoning board does not exercise judicial powers.

OCGA § 5-4-1 provides that the writ of certiorari is available to correct errors committed "by any inferior judicatory or any person exercising judicial powers." In *International Funeral*, we stated that certiorari does not apply to the board's denial of a variance application because it is not a judicial decision. That general statement was not essential to our decision since we held that the county's 1977 zoning ordinance, which provided for review of zoning board decisions by the county commission, had repealed the 1943 law that provided for review by the writ of certiorari. We overrule the *International Funeral* opinion to the extent it suggests that a county may not prescribe certiorari as a remedy for reviewing a zoning board's denial of a variance.

Instead, we hold that a county ordinance may specify certiorari as the method for judicial review because a board exercises judicial powers when it rules on a variance application. In deciding a property owner's request for a variance, a board of zoning appeals considers whether the facts applying to a specific piece of property warrant relief from zoning under the standards set in the county ordinance.[6]

---

1995).

[3] *Martin Marietta Corp. v. Macon-Bibb County Planning &c. Comm.*, 235 Ga. 689, 692 (221 SE2d 401) (1975); cf. *Dougherty County v. Webb*, 256 Ga. 474, 477, n. 3 (350 SE2d 457) (1986) (noting that zoning ordinance may provide for a direct appeal to superior court by a landowner disappointed in a county commission's denial of a special use permit); *Manning v. A. A. B. Corp.*, 223 Ga. 111, 115 (153 SE2d 561) (1967) (rejecting contention that certiorari was the exclusive remedy for reviewing the county commission's denial of a conditional use permit).

[4] See *Shockley v. Fayette County*, 260 Ga. 489, 491 (396 SE2d 883) (1990); see also *City of Atlanta v. Wansley Moving &c. Co.*, 245 Ga. 794, 796 (267 SE2d 234) (1980) (holding mandamus is a proper remedy for reviewing the denial of special use permits when the zoning ordinance does not specify a method of judicial review).

[5] 244 Ga. 707 (261 SE2d 625) (1979).

[6] *Bentley v. Chastain*, 242 Ga. 348, 349, n. 4 (249 SE2d 38) (1978).

This decision-making process is akin to a judicial act: the board determines the facts and applies the ordinance's legal standards to them.[7] In deciding whether to grant a variance based on the county ordinance, the board of appeals had to determine whether reasonable use of the property owners' land was not possible under the ordinance's requirements, the owners did not create the hardship, and the variance would not cause substantial detriment to the public or impair the ordinance's purposes.[8] Thus, the board of appeals functioned as an administrative body making a quasi-judicial decision when it acted on the variance application.[9]

3. The dissent relies on this Court's opinion in *Bentley v. Chastain* to argue that the board of appeals exercises administrative powers in denying a variance application. Although some language in the *Bentley* decision supports that view, this Court has adopted a different interpretation. Citing *Bentley*, this Court has stated: "the powers delegated to a board of zoning appeals are neither judicial nor legislative, but are quasi-judicial and quasi-legislative."[10]

More important, our ruling today is consistent with the holding in *Bentley* that a superior court may not engage in a de novo review of a zoning appeals board's decision. Under *Bentley*, a court reviews the zoning board's decision to determine whether it (1) acted beyond the scope of its discretionary powers; (2) abused its discretion; (3) or acted in an arbitrary or capricious manner. The writ of certiorari allows for the same type of review.[11] Accordingly, assuming that the dissent were correct that the zoning board exercises administrative powers in deciding a variance application, the writ of certiorari would still be a proper means for judicial review under *Bentley*, the case on which it relies.

4. In exercising these judicial powers, the board of appeals must provide due process to the property owners who seek variances.[12] Procedural due process means notice and an opportunity for affected parties to be heard. The purpose of the hearing is to permit interested persons to furnish information that will assist the board in deciding whether a variance should be granted.[13] To that end, the board's chairperson may conduct the hearing informally; strict adherence to

---

[7] See *Grovenstein v. Effingham County*, 262 Ga. 45 (414 SE2d 207) (1992); *Dougherty County v. Webb*, 256 Ga. at 477.

[8] See Spalding County Zoning Ordinance, § 411 (A) & (B).

[9] See *Shockley*, 260 Ga. at 491; *Bentley*, 242 Ga. at 349 & n. 4; 3 Zeigler, § 37-02 [2] [b].

[10] See *Shockley*, 260 Ga. at 491.

[11] See OCGA § 5-4-12 (providing that scope of review is limited to errors of law and whether judgment was sustained by substantial evidence); see also *Martin Marietta*, 235 Ga. at 692-693 (concluding that zoning commission's decision was justified by the evidence and was not arbitrary, unreasonable, or confiscatory).

[12] See *Grovenstein*, 262 Ga. at 48.

[13] See 3 Zeigler, § 37.06 [2] [a].

the rules of evidence is not required.[14] The goal is a fair hearing.

We reject the property owners' contention that the board hearings denied them due process. First, the board gave notice of the hearings. Second, the property owners at the hearings were allowed to explain their reasons for seeking the variances; present evidence to support their application, including letters, photographs, plats, and schedules of property values in the community; and answer questions from board members. Since the property owners never sought to present sworn testimony or question other speakers, their argument that they were denied the opportunity to cross-examine witnesses is without merit. Third, the board produced a verbatim transcript of one hearing and a detailed account of the second hearing in its minutes. Although a verbatim transcript of the proceedings is preferred to assist the courts on appeal,[15] the comprehensive rendition of the discussion in the minutes provides an adequate basis for judicial review. Fourth, the board explained to the property owners the reasons for the denial of their variance request and later sent a written denial. Therefore, we conclude that the board conducted fair hearings that afforded the property owners due process.

Because the hearings before the Spalding County Board of Appeals comported with due process and the board exercised judicial powers in denying the property owners' requests for variances, the writ of certiorari was available to correct the board's errors. We conclude that the Spalding County ordinance properly prescribed the writ of certiorari as the method of judicial review of the board's denial of variance applications.

*Judgment affirmed. All the Justices concur, except Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

Under the applicable zoning ordinance of Spalding County, the denial by the Board of Appeals of an application for a variance is to be appealed by filing a petition for certiorari in the superior court. The majority holds that this ordinance is constitutional. In my opinion, the ordinance is unconstitutional and I must, therefore, respectfully dissent.

It has long been recognized that certiorari is a limited remedy for obtaining judicial review of the decision of an inferior judicatory or body rendered in the exercise of its *judicial or quasi-judicial* powers.

---

[14] See *Grovenstein*, 262 Ga. at 48; cf. *South View Cemetery Assn. v. Hailey*, 199 Ga. 478, 481 (34 SE2d 863) (1945) (in quasi-judicial action, interested parties have a right to "demand a trial in accordance with judicial procedure").

[15] See, e.g., *International Funeral*, 244 Ga. at 709, n. 3 (suggesting zoning authorities would have to record and transcribe their proceedings if denial of a variance application were a judicial decision).

*City of Cedartown v. Pickett*, 193 Ga. 840, 842 (1) (20 SE2d 263) (1942); *Bryant v. Bd. of Ed. of Colquitt County*, 156 Ga. 688 (1) (a) (119 SE 601) (1923). Because Art. I, Sec. II, Par. III of our constitution provides that the legislative, judicial, and executive powers "shall remain forever separate and distinct," an ordinance which purports to authorize certiorari as a means to obtain judicial review of the decision rendered by an inferior judicatory or body *other* than in the exercise of its judicial or quasi-judicial powers would be unconstitutional. *Presnell v. McCollum*, 112 Ga. App. 579, 580 (3) (145 SE2d 770) (1965). See also *Bentley v. Chastain*, 242 Ga. 348, 351 (1) (249 SE2d 38) (1978). *Presnell* establishes the rule that certiorari is not a method of review "available in a zoning case where the discretion of the court might be interposed for that of the governing authority acting on its own discretion in a legislative or ministerial capacity." *Owens v. Cobb County*, 230 Ga. 707, 708 (198 SE2d 846) (1973). Accordingly, resolution of these appeals is dependent upon whether the denial of an application for a zoning variance is within the Board of Appeals' exercise of its judicial or quasi-judicial powers. If it was, the ordinance authorizing certiorari as the means of obtaining judicial review of that decision would not violate the constitutional mandate of separation of powers. If it was not, the ordinance would violate that constitutional mandate.

It is clear that, in denying an application for a zoning variance, the Board of Appeals exercises administrative, rather than judicial or quasi-judicial, powers. *Bentley v. Chastain*, supra at 349 (1). Because the denial of an application for a variance of a zoning ordinance is administrative, rather than judicial or quasi-judicial, judicial review by means of certiorari is not available. *International Funeral Svcs. v. DeKalb County*, 244 Ga. 707, 709 (1) (261 SE2d 625) (1979). See also *South View Cemetery Assn. v. Hailey*, 199 Ga. 478, 482 (5) (34 SE2d 863) (1945). Administrative

> decisions are not to be taken lightly or minimized by the judiciary. Review overbroad in scope would have the effect of substituting the judgment of a judge or jury for that of the agency, thereby nullifying the benefits of legislative delegation to a specialized body. Since the agency is exercising neither judicial nor legislative, but administrative, powers, the separation of powers doctrine along with this policy of respect must play a role in determining the nature of the review of agency decisions by the courts. . . . Therefore, the only review authorized is that inherent in the power of the judiciary: Whether the agency acted beyond the discretionary powers conferred upon it, abused its discretion, or acted

arbitrarily or capriciously with regard to an individual's constitutional rights.

*Bentley v. Chastain*, supra at 351, 352 (1). Thus, the only constitutionally proper means for obtaining judicial review of the administrative denial of an application for a zoning variance is through a proceeding seeking a writ of mandamus requiring the issuance of the variance. *International Funeral Svcs. v. DeKalb County*, supra at 709 (1).

In footnote 3 of its opinion, the majority cites three cases as authority for the proposition "that judicial review by certiorari is an appropriate remedy for reviewing a zoning board's denial of a special use permit." However, none of those cases is controlling authority for that proposition. In *Martin Marietta Corp. v. Macon-Bibb County Planning &c. Comm.*, 235 Ga. 689 (221 SE2d 401) (1975), the property owner had sought both mandamus and certiorari "in an abundance of precaution because of legal procedural uncertainties" and, in both cases, the superior court ruled on the merits. On appeal, this court likewise merely addressed the merits of both cases without anywhere discussing the appropriateness of either remedy. The majority's reliance upon *Dougherty County v. Webb*, 256 Ga. 474, 477 (2), fn. 3 (350 SE2d 457) (1986) is also misplaced. The language in that case stating that if an ordinance so provides, review may be had by a procedure other than mandamus is clearly obiter dictum. The majority also relies upon *Manning v. A. A. B. Corp.*, 223 Ga. 111, 115 (1) (a) (153 SE2d 561) (1967), but has misconstrued its holding. That case specifically rejects the contention that certiorari was "the exclusive remedy." *Manning* further holds that "the board of commissioners was not acting as a judicial body, and it did not render a judicial or quasi-judicial judgment" and, citing *Presnell*, concludes that mandamus is "the proper remedy." Thus, *Manning* is authority for exactly the opposite principle than that for which the majority cites it.

In any event, this case deals with the denial of a variance, not the denial of a special use permit. Unlike any case cited by the majority, *International Funeral Svcs.* and *Bentley v. Chastain* do constitute authority for the principle that the denial of an application for a variance is an administrative, not a judicial or quasi-judicial, decision and that certiorari is not, therefore, applicable. The majority at 794 acknowledges that "some language in the *Bentley* decision supports that view," but, citing *Shockley v. Fayette County*, 260 Ga. 489 (396 SE2d 883) (1990), concludes that "this court has adopted a different interpretation. Indeed, *Shockley*, supra at 491, states that "[w]e have recognized that the powers delegated to a board of zoning appeals are neither judicial nor legislative, but are quasi-judicial and quasi-legislative. *Bentley v. Chastain*, [supra]." What the majority fails to rec-

ognize, however, is that this statement in *Shockley* is not only obiter dictum, but is also an erroneous interpretation of the holding in *Bentley*. In *Bentley*, supra at 349 (1), footnote 3 sets forth the *argument* of one party that the board of zoning appeals exercises legislative powers and footnote 4 sets forth the *argument* of the other party that the board exercises judicial powers. After setting forth these arguments, this Court held:

> We do not find either argument controlling. The Board of Zoning Appeals is an administrative agency and its powers are distinct from the legislative and judicial powers established in the Georgia Constitution.

*Bentley v. Chastain*, supra at 349 (1). Thus, *Shockley* erroneously relied upon the footnotes in *Bentley*, which set forth the *rejected* arguments regarding the exercise by the board of zoning appeals of legislative or judicial powers, and ignored the actual *holding* of *Bentley*, which was that the board exercises only administrative powers. Accordingly, insofar as *Shockley*'s interpretation of *Bentley* is no more than erroneous obiter dictum, it does not constitute authority for the principle that the denial of an application for a variance is a judicial or quasi-judicial decision.

The majority further states that its "ruling today is consistent with *Bentley* that a superior court may not engage in a de novo review of a zoning appeals board's decision." It is axiomatic that a superior court may not engage in a de novo review when reviewing a decision by means of certiorari. Therefore, it is of no consequence that the majority's holding is consistent with *Bentley* in that regard. What is of significant consequence, however, is that the majority's holding is inconsistent with *Bentley* and *International Funeral Svcs.* insofar as those decisions hold that a board of zoning appeals exercises administrative, rather than judicial, powers and that certiorari is not, therefore, an available remedy to review a decision by the board. Under those cases, the Spalding County ordinance is unconstitutional insofar as it purports to authorize certiorari as a means to obtain judicial review of the Board of Appeals' denial of an application for a zoning variance. Therefore, I must respectfully dissent to the judgment and to the disapproval of *International Funeral Svcs.*, supra.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED SEPTEMBER 25, 1995 —
RECONSIDERATION DENIED OCTOBER 27, 1995.

*Wilson, Brock & Irby, Dick Wilson, Jr., J. Stuart Teague, Jr.,* for appellants.

*Jenkins & Nelson, Frank E. Jenkins III, Peter R. Olson,* for appellees.