**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 2, 2023**

# In the Court of Appeals of Georgia

A22A1253. PICKENS COUNTY v. TALKING ROCK BLUFFS, LLC.

PIPKIN, Judge.

This case concerns the proper method to bring a challenge in the superior court to a local zoning authority's decision on a rezoning request when it has been asserted that the current zoning scheme is unconstitutional as applied to the particular property at issue. In the present case, Talking Rock Bluffs, LLC ("Talking Rock") filed two separate actions in the superior court following the denial of its rezoning request – a petition for writ of certiorari against the Board of Commissioners and others[1] and the present action against Pickens County seeking a declaration that the zoning decision was unconstitutional and requesting equitable and injunctive relief. Relying on *Diversified Holdings v. City of Suwanee*, 302 Ga. 597 (807 SE2d 876) (2017), the

---

[1] The petition for writ of certiorari has not been made a part of the record on appeal.

County filed a motion to dismiss the declaratory judgment action, arguing that Talking Rock's only means of challenging the zoning decision was by filing a petition for writ of certiorari. Following a hearing, the trial court denied the motion to dismiss but further ordered Talking Rock to elect which of the actions it wished to pursue so as to avoid the prohibition of simultaneous prosecutions.[2] See OCGA § 9-2-5. We granted the County's application for interlocutory review, and this appeal timely followed.

As set out in numerous cases, the answer to the question presented by this appeal turns on whether, in considering the rezoning request, the local zoning authority acted in a legislative capacity or a quasi-judicial capacity. If the rezoning decision is classified as legislative, the party seeking review may file a complaint in the superior court, and that court is authorized to conduct a de novo review and may consider evidence not presented to the local tribunal. *Stendahl v. Cobb County*, 284 Ga. 525, 526-527 (1) (668 SE2d 723) (2008). However, if the rezoning decision is classified as quasi-judicial or adjudicative, the property owner may challenge the denial of its rezoning application only by way of a petition for writ of certiorari to the superior court, see OCGA § 5-4-1, and the superior court is bound by the facts and evidence presented

_____

[2] The County in fact requested this alternative relief in the form of requiring Talking Rock to elect between the two actions in the event the trial court denied its motion to dismiss.

2

to the local zoning authority. *Forsyth County v. Mommies Properties, LLC*, 359 Ga. App. 175, 184 (2) (855 SE2d 126) (2021).

For more than fifty years, our law appeared settled that a zoning authority acts in a legislative capacity when considering a rezoning request challenging the constitutionality of a zoning ordinance as applied to a particular piece of property, and, accordingly, the proper procedure to challenge the zoning authority's grant or denial of the rezoning request is to file suit in the superior court, which may then conduct a de novo review. See *Stendahl*, 284 Ga. at 526 (1) ("When a zoning authority either grants or denies an application for re-zoning, it acts in a legislative capacity, and when the constitutionality of that enactment is challenged in court, it is afforded de novo review[.]"); *Mayor & Aldermen of the City of Savannah v. Rauers*, 253 Ga. 675, 675 (1) (324 SE2d 173) (1985); *Toomey v. Norwood Realty Co.*, 211 Ga. 814, 816-817 (1) (89 SE2d 265) (1955); *Presnell v. McCollum*, 112 Ga. App. 579, 579 (2) (145 SE2d 770) (1965) ("The acts of a county commissioner in zoning matters are not a judicial or quasi-judicial function, but a legislative function, to which the writ of certiorari will not lie.").

However, in *Diversified*, our Supreme Court arguably departed from this longstanding precedent. See *Schroeder Holdings, LLC v. Gwinnett County*, 2023 Ga.

App. LEXIS 4, *7 (1), 2023 WL 109401 (Case No. A22A1585, decided Jan. 5, 2023) ("We recognize that there is a strong argument that, after *Diversified*, rezoning decisions must be treated as quasi- judicial acts which may be reviewed only by writ of certiorari."). In *Diversified*, as in the present case, the property owner sought rezoning of its property, which it had been unable to sell as then-classified, claiming, among other things, that the existing zoning regulation was unconstitutional as applied to the property. 302 Ga. at 598-599 (I). The zoning authority denied the rezoning request, and the property owner filed a declaratory judgment action in the superior court, alleging that the denial of the rezoning request constituted an unconstitutional taking of the property. Id. at 598 (I). Following a bench trial, the trial court upheld the zoning authority's decision, and the property owner filed both a direct appeal and an application for discretionary review in the Supreme Court of Georgia. Id. at 598-599 (I). Before turning to the merits of the appeal, the Supreme Court addressed the threshold "question of jurisdiction and *appellate* procedure," asking "whether a party seeking to appeal a superior court ruling on an inverse condemnation action is required to file a discretionary application if that claim is based on a local board's zoning decision." (Emphasis supplied.) Id. at 600 (II). The Court answered the question in the affirmative, concluding that a ruling on a rezoning application is adjudicative in nature; pertinently

4

here, in doing so, the Court also characterized the local authority's decision as "adjudicative in nature." Id. at 604 (II).

While Pickens County would have us end our analysis there, the question of *Diversified's* reach is not so simple or straightforward. First, the Supreme Court did not mention or overrule its prior precedent, which seemingly held to the contrary. Further, the exact issue in *Diversified* concerned the proper procedure to follow when appealing from a superior court's decision reviewing a local zoning authority's decision, whereas the present case concerns the proper procedure to follow when seeking review of the local zoning authority's decision in the superior court. And, despite the language in *Diversified* seemingly classifying the local zoning authority's acts as quasi-judicial, the Supreme Court did not pause over the fact that the property owner in *Diversified* filed a complaint in the superior court, not a petition for writ of certiorari, or over the fact that the trial court conducted a bench trial and made extensive findings of fact. *Diversified*, 302 Ga. at 598-699 (I).[3]

---

[3] It is worth noting that two Georgia Supreme Court Justices have since questioned the extent of *Diversified's* reach. In *IDI Logistics v. City of Douglasville*, 312 Ga. 288, 288-289 (862 SE2d 324) (2021) (Warren, J., concurring in denial of discretionary application), Justice Warren, joined by then-Chief Justice Nahmias, expressed uncertainty "that a party challenging the denial of a rezoning application must, in all instances, file its suit as a petition for certiorari to the superior court. . ." Id. at 288.

Faced with these seeming contradictions, our superior courts have reached different conclusions on the reach of *Diversified*, and numerous appeals and applications for appeal raising this issue have made their way to this Court. Of course, we are well aware of our limitations to reconcile seemingly conflicting authority from the Supreme Court, and equally aware that, if the Supreme Court had specifically resolved the precise issue presented here, we would be bound to follow it regardless of whether the Court specifically addressed and overruled its prior conflicting precedent on the issue. See *White v. State*, 305 Ga. 111, 122 (2), n.10 (823 SE2d 794) (2019). So what we are left to do is fall back on other basic precepts of appellate jurisprudence. And that is what we recently did in *Schroeder Holdings,* 2023 Ga. App. LEXIS 4,[4] by concluding that since *Diversified* did not actually address and resolve the issue of the proper method of challenging a local authority's rezoning decision in the superior court, that case should not be read as precedent on that issue and we should, instead, rely on "existing law[.]" *Schroeder*, 2023 Ga. App. LEXIS at *8 (1). Relying on existing law,

---

[4] We note that a petition for writ of certiorari to the Supreme Court has been filed in *Schroeder*. In any event, any confusion in the law on the classification of the zoning authority's decision-making process as adjudicative or legislative in cases of this type is short-lived due to the legislative amendment to OCGA § 36-66-3 and the enactment of OCGA § 36-66-5.1. See *Schroeder*, 2023 Ga. App. LEXIS at *7 (1), n.1. However, these amendments and enactments apply only to zoning and quasi-judicial decisions occurring on or after July 1, 2022 and are inapplicable here.

we then held that the superior court in *Schroeder* erred by determining that the zoning authority's denial of the rezoning request was a quasi-judicial zoning decision that could be challenged only by way of a petition for writ of certiorari. Id.

Applying *Schroeder's* reasoning to the present case, we hold that this case is also controlled by existing precedent, and that under well-established law, the trial court did not err by denying the County's motion to dismiss Talking Rock's complaint for declaratory judgment and equitable relief since Talking Rock was not limited to review of the zoning authority's decision by writ of certiorari. We agree with the trial court, however, that to avoid the prohibition against simultaneous prosecutions, Talking Rock should dismiss its petition for writ of certiorari so it can proceed on its complaint.

*Judgment affirmed. Rickman, C. J., and Miller, P. J., concur.*